JUDY F. BROWER v. RICHARD DWIGHT BROWER

No. 8319DC696

(Filed 21 August 1984)

**Divorce and Alimony § 24.4— enforcement of child support award—present ability to pay—imprisonment for contempt improper**

Before a previous child support order can be enforced by a civil contempt order directing a defendant's imprisonment until the contempt order is complied with, it must first be established that defendant *then* has the ability to comply with the order of contempt; therefore, the trial court erred in ordering defendant's imprisonment for continuing civil contempt until he paid $10,590 in child support arrearages, since the court's order was supported only by a finding that defendant had the present ability to pay a portion of that sum.

APPEAL by defendant from *Hammond, Judge.* Order entered 2 June 1983 in District Court, RANDOLPH County. Heard in the Court of Appeals 12 April 1984.

On 15 July 1977, in a prior action between the same parties in the same court, defendant appellant signed a voluntary support agreement in which he agreed to pay $80 every two weeks for the support of his three children. This agreement, approved by a District Court judge in accord with G.S. 110-133, has the same force and effect as though entered by the court to start with. Defendant, who has failed to make many of the payments ordered, has been found in civil contempt and jailed on four different occasions. The first imprisonment began on 21 November 1978, when the court ordered him imprisoned until he paid the $1,680 that was then due; but he was released four weeks later upon motion of the Department of Human Resources so that he might start a job. The second imprisonment began on 14 January 1980 when the arrearage amounted to $4,010 and he was released upon a similar DHS motion three and a half months later. The third imprisonment began 17 July 1980 when he was $5,210 in arrears and he was released after being incarcerated for three months. But in neither instance did defendant pay the arrearage due nor any significant part of it, though each imprisonment order directed that he be confined until the full amount due was paid.

On 29 July 1982, a fourth civil contempt hearing was begun, but was continued to enable defendant to obtain evidence in support of his claim that he was disabled and seeking Social Security

benefits. On 16 September 1982, when the hearing was resumed, defendant failed to appear and the court ordered his seizure and imprisonment pending a further hearing on the merits. Defendant's latest imprisonment began on 26 May 1983, when he turned himself in to the sheriff.

In a hearing held on 2 June 1983, the court found defendant in contempt for failing to appear at the continued contempt hearing and for failing to make the payments earlier directed, and ordered defendant's imprisonment until the total arrearage due in the amount of $10,590 is paid. The court's findings of fact concerning the defendant's financial status at that time were as follows:

(9) That the Defendant testified in open court as follows:

(a) That he had been gainfully employed as a truck driver in High Point, North Carolina, where he earned $150.00 per week.

(b) That he had earned funds which he could have applied to his child support payments, but he chose to do otherwise.

(c) That, since early 1982 when he recovered from the gunshot wound, he has not been under any physical or mental disability.

(d) That, although he had no liquid assets, he had resources upon which to call to make at least a portion of his child support payments.

(e) That for the last three months he had not worked because he had been out-of-state in an attempt to avoid criminal process.

*Smith, Casper & Smith, by Archie L. Smith, Jr., for plaintiff appellee.*

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for defendant appellant.*

PHILLIPS, Judge.

Defendant's appeal is from an order of civil contempt confining him to prison until past due child support payments amount-

ing to $10,590 are paid. The order is without legal sanction, in our opinion, and must be vacated.

The difference between civil contempt and criminal contempt has been noted in several decisions of our Supreme Court. In essence, criminal contempt is administered as punishment for acts already committed that have impeded the administration of justice in some way. *Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966). And as is the case with all offenses of a criminal nature, the punishment that courts can impose therefor, either by fine or imprisonment, is circumscribed by law. *See* G.S. 5A-12. Civil contempt, on the other hand, is employed to coerce disobedient defendants into complying with orders of court, and the length of time that a defendant can be imprisoned in a *proper* case is not limited by law, since the defendant can obtain his release immediately upon complying with the court's order. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). The necessity of a defendant being able to comply with an order of civil contempt is made plain by the following provisions of the General Statutes:

§ 5A-21. Civil contempt; imprisonment to compel compliance.

(a) Failure to comply with an order of a court is a continuing civil contempt as long as:

(1) The order remains in force;

(2) The purpose of the order may still be served by compliance with the order; and

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order.

§ 5A-22. Release when civil contempt no longer continues.

(a) A person imprisoned for civil contempt must be released when his civil contempt no longer continues. The order of the court holding a person in civil contempt must specify how the person may purge himself of the contempt.

Thus, before a previous child support order can be enforced by a civil contempt order directing a defendant's imprisonment until

the contempt order is complied with, it must first be established that the defendant *then* has the ability to comply with the order of contempt. *Hodges v. Hodges*, 64 N.C. App. 550, 307 S.E. 2d 575 (1983); *Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E. 2d 786 (1980).

Though the order appealed from requires defendant's imprisonment for continuing civil contempt until he pays $10,590, it is supported only by a finding that he had the present ability to pay a portion of that sum. A similar order was struck down by our Supreme Court in *Green v. Green*, 130 N.C. 578, 41 S.E. 784 (1902). Since the same law still abides, the order in this case must also be vacated. The case is remanded to the District Court for further proceedings consistent with this opinion.

Vacated and remanded.

Judges HEDRICK and ARNOLD concur.