**CIRCUIT COURT OF FAIRFAX COUNTY**

Mary Ann Cerick

    v.

Central Fidelity Bank

Case No. (Law) 84785

March 1, 1989

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Central Fidelity's Demurrer to Mary Ann Cerick's Motion for Judgment. The Demurrer was heard by this Court on August 12, 1988.

The Motion for Judgment alleges defamation in Count I; insulting words in Count II; tortious interference with a prospective contract in Count III; and intentional infliction of emotional distress in Count IV. It is the opinion of this Court that the Demurrer should be sustained as to all four counts with leave granted to amend.

The Demurrer to Counts I and II (defamation and insulting words) is sustained as Ms. Cerick has failed to allege the exact words spoken by the defendant. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954); *Hogan v. Wilmoth*, 57 Va. (16 Gratt.) 80 (1860).

*Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984), requires that in actions for tortious interference with a prospective contract that the interference "(1) induce or otherwise cause a third party not to enter into a pro-

spective contract with the plaintiff, or (2) prevent the plaintiff from entering into a contract." *Id.* at 449. The Demurrer to Count III is sustained as Ms. Cerick has failed to sufficiently allege that Central Fidelity induced a third party not to enter into a contract with the plaintiff or prevented Ms. Cerick from, herself, entering into a contract. Ms. Cerick simply alleges a general inability to obtain employment since the time of her discharge.

The Demurrer to Count IV (intentional infliction of emotional distress) is sustained as the exclusive remedy for this cause of action is found under the Virginia Workers' Compensation Act, Virginia Code § 65.1-1 *et seq. See Haigh v. Matsushita Electric Corp.*, 676 F. Supp. 1332 (E.D. Va. 1987), and *Continental Life Insurance Co. v. Gough*, 161 Va. 755 (1934).

August 8, 1989

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on Central Fidelity Bank's ("the Bank") Demurrer to the Amended Motion for Judgment ("Amended Motion"). The demurrer was argued on July 28, 1989. For the reasons set forth below, the demurrer is sustained as to all counts without leave to amend and this action is dismissed.

The Amended Motion alleges seven counts. Count I is for defamation. Count II is for insulting words.

The demurrer to Counts I and II is sustained as plaintiff has failed to allege the exact words spoken by the Bank. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954); *Federal Land Bank v. Birchfield*, 173 Va. 200, 215 S.E.2d 405 (1939).

In Count III plaintiff alleges a claim for tortious interference with prospective contract. In *Allen Realty Corp. v. Holbert*, 227 Va. 441, 318 S.E.2d 542 (1984), the Court set forth the elements necessary to state a cause of action for tortious interference with prospective contract when it stated:

> The cause of action arises from an intentional, improper interference with another's contractual relations, and this interference must (1) induce

or otherwise cause a third party not to enter into a prospective contract with the plaintiff or (2) prevent the plaintiff from entering into a contract.

The allegations set forth in Count III of the Amended Motion fail to sufficiently allege that the Bank induced a third party not to enter into a contract with plaintiff or prevented plaintiff, herself, from entering into a contract. Accordingly, the demurrer to Count III is sustained.

In Count IV, Plaintiff alleges a claim for intentional infliction of emotional distress. The Virginia Workers' Compensation Act, Virginia Code § 65.1-1, as amended, provides the exclusive remedy for the intentional infliction of emotional distress claim brought by plaintiff. *See Haigh v. Matsushita Electric Corp.*, 676 F. Supp. 1332 (E.D. Va. 1987), and *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 172 S.E. 264 (1934). Therefore, the demurrer to Count IV is sustained.

In Count V, Plaintiff alleges a claim for the tort of outrage. The Court's review of Virginia tort law fails to bring to its attention any cases which have decided a cause of action based on the "tort of outrage." The allegations set forth by Plaintiff on the basis of the tort of outrage or outrageous conduct fail to sufficiently allege an independent cause of action based on the "tort of outrage." These allegations are more properly pleaded as elements of claims for defamation or intentional infliction of emotional distress. The demurrer to Count V is sustained.

In Count VI, Plaintiff alleges a claim for breach of contract. Defendant has demurred to this Count on the grounds that the requisite factual allegations necessary to allege an oral employment agreement are absent, and even if the necessary allegations are present, the contract would still be terminable for good cause during the ninety-day period of employment. The Court concludes that the factual allegations set forth by plaintiff are insufficient to allege an oral employment agreement. The demurrer to Count VI is sustained.

In Count VII, plaintiff alleges a claim for negligence. This claim is essentially two separate claims. The first

is an action for invasion of privacy. The Virginia courts have consistently held that no general right of privacy exists in the law of Virginia, except limited rights conferred by statute. The 1950 Code of Virginia, § 8.01-40, as amended, is the only privacy right recognized in Virginia, it prohibits the unauthorized use of a person's name or likeness for commercial purposes. *See Evans v. Sturgill*, 430 F. Supp. 1209 (W.D. Va. 1977). The second claim is for breach of a duty of good faith and fair dealing. A review of Virginia case law fails to apprise the Court of any proceedings in which a Virginia Court has recognized a claim for breach of a duty of good faith and fair dealing within an employment setting. *See Mason v. Richmond Motor Co.*, 625 F. Supp. 883 (E.D. Va. 1986), *aff'd*, 825 F.2d 407 (4th Cir. 1987). The Court concludes that Count VII fails to sufficiently set forth allegations for negligence under either of these claims. Accordingly, the demurrer to Count VII is sustained.