KATHY WALLESHAUSER (EVANS), PLAINTIFF-APPELLEE v. JACK G. WALLESHAUSER, JR., DEFENDANT-APPELLANT

No. 9015DC321

(Filed 6 November 1990)

1. **Appeal and Error § 107 (NCI4th)— child custody—order retaining jurisdiction—appeal interlocutory**

    The portion of a child custody order in which the North Carolina court retained jurisdiction was interlocutory in nature in that no substantial right of defendant was affected which could not be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on its merits.

    **Am Jur 2d, Divorce and Separation §§ 1003, 1004.**

2. **Divorce and Alimony § 25.12 (NCI3d)— failure to abide by visitation order—contempt**

    The portion of a child custody order finding defendant to be in contempt for failure to comply with a previous visitation order was affirmed where competent evidence supported the trial court's findings of defendant's failure to comply with the previous order and of his present ability to comply. Those findings are conclusive on appeal and support the conclusion that defendant was in contempt.

    **Am Jur 2d, Divorce and Separation §§ 997, 998.**

APPEAL by defendant from order entered 22 December 1989 by *Judge Spencer B. Ennis* in ALAMANCE County District Court. Heard in the Court of Appeals 22 October 1990.

Defendant and plaintiff have three minor children who are the subjects of a custody modification action. On 25 June 1984

plaintiff was awarded custody of the children by Alamance County District Court. On 24 September 1985 the parties entered into a temporary custody consent order which gave defendant, who now lived in New York, temporary custody of the children.

Plaintiff filed a motion 24 October 1989 alleging defendant was in contempt of the visitation portion of the 24 September consent order and seeking custody of the minor children. Defendant filed a motion to transfer jurisdiction to New York on 30 November 1989.

The trial court's order of 22 December 1989 held defendant in contempt for his failure to comply with the previous trial court's order regarding visitation. In this same order the trial court retained jurisdiction over the minor children for the purpose of determining custody matters. From this order defendant appeals.

*Moseley & Whited, P.A., by G. Keith Whited, for plaintiff-appellee.*

*Hatfield & Hatfield, by Kathryn K. Hatfield, for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant first argues the trial court erred in its order retaining jurisdiction to hear the child custody issue. The order from which defendant appeals is interlocutory and is not properly before us.

> An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to a final decree. *Smart v. Smart,* 59 N.C. App. 533, 297 S.E.2d 135 (1982). No appeal lies from an interlocutory order unless the order deprives the appellant of a substantial right which he would lose if the order is not reviewed before the final judgment.

*Dunlap v. Dunlap,* 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *review denied,* 318 N.C. 505, 349 S.E.2d 859 (1986).

The trial court's order retaining jurisdiction to determine custody is not a final determination of the issue involved; rather it determines where the children's custody issue will be heard, which is preliminary to a final decree. We hold the portion of the order retaining jurisdiction to be interlocutory in nature. No

substantial right of defendant is affected which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits. *Id.*

[2] Defendant next contends the trial court erred in holding him in contempt for failure to comply with a previous visitation order. "Review in contempt proceedings is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Adkins v. Adkins,* 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986).

Defendant testified he did not allow plaintiff to visit the children during holidays. He further testified to his belief that his presence during her visits was necessary. Competent evidence supports the trial court's findings of defendant's failure to comply with the previous visitation order and of his present ability to comply with this order. These findings are therefore conclusive on appeal, *Weaver v. Weaver,* 88 N.C. App. 634, 364 S.E.2d 706, *review denied,* 322 N.C. 330, 368 S.E.2d 875 (1988), and they also support the conclusion of law that defendant was in contempt of the visitation order.

The portion of the order finding defendant to be in contempt is upheld. Defendant's appeal from the remainder of the trial court's order retaining jurisdiction is premature and must be dismissed. The trial court's order of 22 December 1989 is

Affirmed.

Chief Judge HEDRICK and Judge PHILLIPS concur.