## CIRCUIT COURT OF FAIRFAX COUNTY

Philip M. Stinson, Sr.

v.

Charles R. McCarthy, Jr.

November 1, 1991

Case No. (Law) 102244

### By JUDGE THOMAS J. MIDDLETON

This case came to be heard on defendant's demurrer to plaintiff's Motion for Judgment. The Motion for Judgment alleges as its sole count an actionable use of insulting words under Va. Code § 8.01-45. Defendant demurs to the Motion for Judgment on the grounds that it fails to state a claim upon which relief can be granted. Because the Motion for Judgment sufficiently states a cause of action under the insulting words statute, the demurrer is overruled.

In support of his demurrer, defendant states three grounds: (1) that the statements were protected as statements of opinion; (2) that the statements were privileged; and (3) that no injury has been alleged.

The first two grounds address the merits of the case, not the sufficiency of the pleading, and are not proper grounds for demurrer for failure to state a claim. The failure to allege injury, while testing the sufficiency of the pleading, is not demurrable in an action under Va. Code § 8.01-45. The law presumes that damages result from the utterance of insulting words, made actionable by the statute, and it is not necessary in order to recover

to prove actual or pecuniary loss. *Weatherford v. Birchett*, 158 Va. 741, 164 S.E. 535 (1932).

Va. Code § 8.01-45 states: "All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace."

Case law has provided guidelines for just what is a sufficient pleading under this statute. If a plaintiff proceeds under the insulting words statute, he must in his motion for judgment aver "that the words, from their usual construction and common acceptation, are construed as insults, and tend to violence and breach of peace, or else employ some other equivalent averment to denote that the words are actionable under the statute." *Moss v. Howard*, 102 Va. 386, 391 (1904) (*citing Hogan v. Wilmoth*, 57 Va. (16 Gratt.) 80, 85 (1860). To state correctly a good cause of action for insulting words, the exact words charged to have been used by the defendant must be alleged. *Federal Land Bank v. Birchfield*, 173 Va. 200, 215 (1939). *See also* Judge Jamborsky's and Judge Griffith's opinions in *Cerick v. Central Fidelity Bank*, 19 Va. Cir. 1, 2 (Cir. Ct. Fairfax County 1989) (sustaining a demurrer where plaintiff failed to allege the exact words spoken).

Plaintiff alleges at paragraph 11 of his Motion for Judgment:

> These words are actionable under 8.01-45 of the Code of Virginia since -- from their usual construction and common acceptance -- they are construed as insults and tend to violence and breach of the peace.

Further, at paragraph 6, plaintiff identifies the exact words used by the defendant.

Since the Motion for Judgment identifies the exact words spoken and comports almost verbatim with the mandate of *Moss v. Howard*, defendant has sufficiently stated a cause of action under Va. Code § 8.01-45. The demurrer is overruled.