REYNOLDS v. REYNOLDS

[356 N.C. 287 (2002)]

in Superior Court, Onslow County. Heard in the Supreme Court 11 September 2002.

*Jeffrey S. Miller for plaintiff-appellee.*

*Wallace, Morris & Barwick, P.A., by P.C. Barwick, Jr., for defendant-appellant.*

PER CURIAM.

For the reasons stated in the dissenting opinion by Judge McCullough, the decision of the Court of Appeals is reversed.

REVERSED.

Chief Justice LAKE did not participate in the consideration or decision of this case.

———

DAVID P. REYNOLDS v. CYNTHIA W. REYNOLDS (NOW FLYNN)

———

CYNTHIA FLYNN (FORMERLY REYNOLDS) v. DAVID P. REYNOLDS

No. 38A02

(Filed 4 October 2002)

**Contempt— suspended jail sentence—criminal—appellate jurisdiction**

A decision of the Court of Appeals holding that a contempt order arising from a child support action was civil rather than criminal where the court imposed an active thirty-day jail sentence suspended upon the posting of a cash bond, the payment of interest, the payment of attorney fees and the timely payment of future child support due under prior order, and that the trial court was without authority to adjudicate defendant in civil contempt because he complied with the previous orders before the hearing, is reversed for the reasons stated in the dissenting opinion that the order adjudicated defendant in criminal contempt and that a district court order of criminal contempt is appealable to the superior court rather than to the Court of Appeals.

**IN RE MITCHELL**

[356 N.C. 288 (2002)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 147 N.C. App. 566, 557 S.E.2d 126 (2001), vacating in part and affirming in part an order entered 30 August 1999 by Jones (William G.), J., in District Court, Mecklenburg County. Heard in the Supreme Court 11 September 2002.

> *James, McElroy & Diehl, P.A., by William K. Diehl, Jr. and Preston O. Odom, III, for appellant Cynthia Flynn (formerly Reynolds).*

> *Horack, Talley, Pharr & Lowndes, P.A., by Thomas R. Cannon and Kary C. Watson, for appellee David Reynolds.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.

---

IN THE MATTER OF: MITCHELL, M., A MINOR CHILD, D.O.B. 12/24/94

IN THE MATTER OF: MITCHELL, K., A MINOR CHILD, D.O.B. 01/16/98

IN THE MATTER OF: MITCHELL, K., A MINOR CHILD, D.O.B. 02/06/96

No. 127A02

(Filed 4 October 2002)

**Termination of Parental Rights— dispositional stage—best interests of children—proper determination**

> The decision of the Court of Appeals remanding a termination of parental rights case is reversed for the reasons stated in the dissenting opinion that the trial court did not place an improper burden on respondent in the dispositional stage to show that termination is not in the children's best interest and that the trial court did not fail to exercise its discretion in finding that termination would be in the best interests of the children.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 148 N.C. App. 483, 559 S.E.2d