DILLON, Judge, dissenting.
*438 In this appeal, Appellant Gary P. Ramsey ("Husband") appeals from an order finding him in civil contempt for failing to immediately file a Qualified Domestic Relations Order ("QDRO") as required by a consent judgment ("Consent Judgment") entered between him and his ex-wife Kalley Elizabeth Ramsey ("Wife"). I agree with the majority that Husband has committed a number of non-jurisdictional *465 errors in his brief on appeal that may warrant sanctions. However, for the reasons stated below, I disagree with the majority that these errors rise to the level of warranting dismissal of the appeal and, therefore, would reach the merits of Husband's arguments. Based on my review of Husband's arguments, I would affirm in part and reverse in part the order of civil contempt.
I. Background
In May 2015, Husband filed this action seeking divorce from Wife and equitable distribution of their marital assets. In August 2016, the trial court entered a Consent Judgment, which required Husband to file a QDRO to cause the rollover of $14,500 from Husband's 401(k) to Wife:
[Husband] shall pay $29,000.00 distributive award to [Wife]; [Half] to be paid at time of refinance of Narrows Court mortgage and [half] to be rolled over from [Husband's] NC 401(k) account . Counsel for [Husband] shall immediately draft ["QDRO"] to effectuate said roll-over to [Wife] as soon as possible.
(Emphasis added).
Five months later, in December 2016, Wife filed a Motion for Contempt as Husband had failed to timely comply with this provision.
Ten months later, in October 2017, Husband finally filed the QDRO, as required by the Consent Judgment. And in December 2017, the QDRO was approved by Husband's plan administrator, and $14,500 was transferred from Husband's 401(k) to Wife.
Notwithstanding Husband's eventual compliance with the Consent Judgment, in February 2018, after conducting a hearing on Wife's *439 contempt motion, the trial court entered a Contempt Order which essentially did three things: (1) it held Husband in civil contempt; (2) it awarded Wife damages in the amount of $1,268.68, representing the interest Wife lost for the 14-month delay by Husband in transferring to her the $14,500 from his 401(k); and (3) it ordered Husband to pay Wife's attorney's fees in the amount of $2,000. Husband timely appealed to our Court.
II. Non-Compliance with the Rules of Appellate Procedure
As noted by the majority, compliance with the North Carolina Rules of Appellate Procedure is mandatory. Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co. , 362 N.C. 191, 194, 657 S.E.2d 361, 362 (2008). Thus, our Court may sanction a party if he fails to comply with these Rules. Id. at 199, 657 S.E.2d at 366 ; N.C. R. App. P. 25(b). However, our Supreme Court has advised that our Court, in cases of noncompliance with non-jurisdictional requirements, "should simply perform its core function of reviewing the merits of the appeal to the extent possible." Id. Indeed, Rule 34(b) provides a list of sanctions a court may impose and, in most situations, "[our Court] should impose a sanction other than dismissal and review the merits of the appeal." Dogwood at 200, 657 S.E.2d at 366 ; N.C. R. App. P. 34(b).
Here, I do not believe that Husband's non-jurisdictional errors prevent us from our ability to understand Husband's appeal. For instance, even though Husband's brief only contains "Argument" sections (omitting factual and procedural background sections, etc.), his first argument does commence by describing exactly what he is appealing: "The trial court found Plaintiff in civil contempt for failure to immediately file a [QDRO]." And the arguments in the brief clearly describe why Husband believes the trial court erred in entering its Contempt Order. As there are several other sanctions available, I believe that, based on Dogwood , dismissing Husband's appeal is not warranted. Accordingly, I believe it is appropriate to address the merits of Husband's appeal, which I do, below.
III. Civil Contempt Order
A. Civil Contempt
Husband argues that the trial court erred in holding him in civil contempt, as he had already complied with the Consent Judgment before the Contempt Order was entered. I agree.
The trial court held Husband in civil contempt for "failure to abide by the Judgment provision that he immediately file a Qualified Domestic *440 Relations Order[.]" The purge condition, *466 though, did not require Husband to file a QDRO, as he had already done so. Rather, the trial court erroneously required Husband to pay Wife damages for lost interest as a purge condition.
Civil contempt is proper where a party fails to comply with an order of the court and "(1) [t]he order remains in force; (2) [t]he purpose of the order may still be served by compliance with the order; (2a) [t]he noncompliance by the person to whom the order is directed is willful; and (3) [t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order." N.C. Gen. Stat. § 5A-21(a) (2016) ; see O'Briant v. O'Briant , 313 N.C. 432, 434-35, 329 S.E.2d 370, 372-73 (1985). Our Supreme Court has held that civil contempt "is not a form of punishment; rather, it is a civil remedy to be utilized exclusively to enforce compliance with court orders." Jolly v. Wright , 300 N.C. 83, 92, 265 S.E.2d 135, 142 (1980). It follows that civil contempt is only proper where one is currently not in compliance with a court order. See id. ; see also Ruth v. Ruth , 158 N.C. App. 123, 126, 579 S.E.2d 909, 912 (2003) (holding that a court "does not have the authority to impose civil contempt after an individual has complied with a court order, even if the compliance occurs after the party is served with a motion to show cause why he should not be held in [civil] contempt of court.").
In the present case, Husband, while late, did comply with the Consent Judgment. And there was nothing in the Consent Judgment which required him to pay lost interest. Therefore, there was no ground for the trial court to hold Husband in civil contempt at the time the Contempt Order was entered. See id. I would vacate that portion of the trial court's Contempt Order holding Husband in civil contempt.
B. Damages
Husband argues that the trial court exceeded its authority by ordering him to pay Wife damages in the context of a contempt proceeding. Again, I agree.
North Carolina takes the minority position that damages are not appropriate in a contempt proceeding. See Hartsell v. Hartsell , 99 N.C. App 380, 391, 393 S.E.2d 570, 577 (1990), aff'd , 328 N.C. 729, 403 S.E.2d 307 (1991) ; accord Elliott v. Burton , 19 N.C. App 291, 295, 198 S.E.2d 489, 491 (1973) (stating that "even then the trial judge in this State has no authority to award indemnifying fines or other compensation to a private party in a contempt proceeding"). Thus, I would vacate that portion of the trial court's Contempt Order awarding Wife $1,268.68 in *441 lost interest. Wife may have a remedy, perhaps through a motion in the equitable distribution proceeding, to seek relief for Husband's behavior; however she may not do so through a contempt motion.
C. Attorney's Fees
Husband argues that the trial court exceeded its authority by awarding Wife attorney's fees. I disagree.
Attorney's fees are generally not available in a civil contempt proceeding unless the moving party prevails. Ruth v. Ruth , 158 N.C. App. 123, 127, 579 S.E.2d 909, 912 (2003). However, our Court has held that, "in the limited situation where contempt fails because the alleged contemnor complies with the previous orders after the motion to show cause is issued and prior to the contempt hearing, an award of attorney's fees is proper." Id. Thus, in this case, even though Husband complied with the Consent Judgment prior to the entry of the Contempt Order, thereby eliminating the court's ability to hold him in contempt and award Wife damages, the trial court could and did award Wife attorney's fees. Id. Therefore, my vote is to affirm that portion of the Contempt Order.[4]
IV. Conclusion
My vote is to affirm the portion of the Contempt Order awarding wife attorney's *467 fees but to reverse the remainder of that Order.

I note Husband's argument that the trial court's findings are not supported by competent evidence. However, Wife's contempt motion was verified by Wife, and Wife's attorney filed an affidavit regarding attorney's fees. I conclude that the trial court's award of attorney's fees is supported by the evidence that was before the trial court.