IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-219

Filed 19 November 2024

Wake County, No. 22CVD011221-910

ANDREA POCOROBA, Plaintiff,

v.

PHILLIP JAMES GREGOR, Defendant.

Appeal by defendant from order entered 21 August 2023 by Judge Louis Meyer in Wake County District Court. Heard in the Court of Appeals 11 September 2024.

*No brief filed on behalf of plaintiff-appellee.*

*Phillip James Gregor for pro se defendant-appellant.*

DILLON, Chief Judge.

## I. Background

Defendant Phillip James Gregor is a disabled veteran who lives on the property directly adjacent to Plaintiff Andrea Pocoroba's home. Their homes are separated by a fence. In July 2022, Plaintiff obtained a No Contact Order for Stalking or Nonconsensual Sexual Conduct ("the 50C Order") against Defendant after Defendant had purportedly attempted to break into Plaintiff's home while wearing a bathrobe. Under the terms of the 50C Order, Defendant is not to come within 100 feet of Plaintiff, even while on his own property, unless he is inside of his own home.

The following year, on 21 August 2023, the trial court entered an order (the

"Contempt Order"), finding Defendant to be in *civil* contempt of the 50C Order.  In its Contempt Order, the trial court found that Defendant on two occasions—one in November 2022 and the other in May 2023—violated the 50C Order when he was outside his own home on his own property at a time he knew Plaintiff was at her home.  The trial court determined that Defendant could purge his civil contempt by paying $500.00 to Plaintiff, which he did in the courtroom at the conclusion of the hearing.  Defendant noticed his appeal from the Contempt Order.

In his brief on appeal, Defendant contests the validity of *both* orders.  We dismiss his arguments as to the validity of the initial 50C Order, as his Notice of Appeal does not reference that order and the time has elapsed to appeal *that* order and he has not otherwise petitioned our Court for a writ of *certiorari* to review that order. We, however, reverse the Contempt Order, as the trial court made no finding that Defendant was in violation of the 50C Order *at the time of the hearing*.

## II.  Standard of Review

A trial court's conclusions of law in a civil contempt order are reviewed *de novo*. *Walter v. Walter*, 279 N.C. App. 61, 66 (2021).  "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the district court." *In re Appeal of Greens of Pine Glen Ltd.*, 356 N.C. 642, 647 (2003).

## III.  Analysis

In Defendant's brief, he essentially argues that the trial court erred by finding him in *civil* contempt of the 50C Order.  For the reasons below, we agree and reverse

the Contempt Order.

We note Defendant's arguments that he cannot be held in violation of an invalid order. Indeed, our Supreme Court has held that one cannot be held in contempt of an order where the court lacked jurisdiction to enter the order. *See Corey v. Hardison*, 236 N.C. 147, 153 (1952) ("When a court has no authority to act, its acts are void, and may be treated as nullities anywhere, at any time, and for any purpose."). Defendant's contention on this point, however, is *not* that the trial court lacked jurisdiction to enter the 50C Order, but rather that the 50C Order itself contains errors of law, e.g., that it is inappropriate that Defendant could be held in contempt for being on his own property. *See State v. Sams*, 317 N.C. 230, 236 (1986) (stating that a voidable order stands until set aside).

Our General Assembly has provided that one in willful violation of an order may either be in *criminal* contempt, *see* N.C.G.S. § 5A-11 (2024), or *civil* contempt, *see* N.C.G.S. § 5A-21 (2024). However, they are not the same. *Mauney v. Mauney*, 268 N.C. 254, 256 (1966) ("Civil contempt and criminal contempt are distinguishable.").

The purpose of criminal contempt is to <u>punish</u> a party for violating an order, where the violation may not be ongoing but occurred in the past. *See id.* (stating that criminal contempt is appropriate to punish a party for "an act already accomplished").

Civil contempt, however, "is applied to a continuing act [of disobedience.]" *Rose's Stores, Inc. v. Tarrytown Ctr., Inc.*, 270 N.C. 206, 214 (1967). Our Supreme

Court has explained that "[t]he purpose of civil contempt is not to punish," but rather "its purpose is to use the court's power to impose fines or imprisonment as a method of coercing [a party] to comply with an order of the court." *Jolly v. Wright*, 300 N.C. 83, 92 (1980), *overruled on other grounds by McBride v. McBride*, 334 N.C. 124, 125 (1993)

And when a party is found to be in civil contempt—that is, to be in current violation of an order—the trial court must get the contemnor means to purge the contempt:

> A person imprisoned for civil contempt must be released when his civil contempt no longer continues. The order of the court holding a person in contempt must specify how the person may purge himself of the contempt.

N.C.G.S. § 5A-22 (2024).

However, there can be no finding of *civil* contempt if, by the time of the hearing, the person is no longer in violation of the order. *See Ruth v. Ruth*, 158 N.C. App. 123 (2003). For instance, in *Ruth*, we held it was not appropriate for a mother to be held in civil contempt of a custody order when it was conceded she had returned the children to the father as required by the custody order and was, therefore, no longer in violation of the custody order. *Id.* at 126.

Here, the trial court made no finding that Defendant was in violation of the 50C Order at the time of the hearing. Rather, the trial court merely found that Defendant had, in the past, violated the 50C Order because on one occasion he stared

at Plaintiff through her window from outside of his house, smiling, while she was administering medication below her panty line, and because, on other occasions, he had spent time outside of his home to perform various tasks when he should have known that Plaintiff was at home.

Presuming the 50C Order is otherwise valid, the trial court's findings *may* support a finding of criminal contempt. However, they do not support a finding of civil contempt, as there was no finding Defendant was in violation of the 50C Order at the time of the contempt hearing.

However, it is inappropriate for us to modify the contempt order to find Defendant to be in criminal contempt, as the trial court did not find Defendant in contempt of the 50C Order beyond reasonable doubt.

Indeed, the burden of proof for finding one in criminal contempt is like any other criminal proceeding—beyond a reasonable doubt. *See* N.C.G.S. § 5A-15(f) (2024) (to hold a party in criminal contempt, "[t]he facts must be established beyond a reasonable doubt."). And one found to be in criminal contempt, generally, is subject to censure, imprisonment for "up to 30 days," and/or a fine not to exceed $500.00." N.C.G.S. § 5A-12(a) (2024).

However, the burden of proof for finding one in civil contempt is lower than that for criminal contempt—preponderance of the evidence—though the party on whom the burden rests varies depending on whether the hearing is precipitated by an order of a judicial officer or by a motion of an aggrieved party. The hearing may

be precipitated by an order upon a judicial finding of probable cause, N.C.G.S. § 5A-23(a), whereupon the burden is on the alleged contemnor to show by a preponderance of the evidence why he should *not* be held in civil contempt. *State v. Coleman*, 188 N.C. App. 144, 149–50, (2008); *Grissom v. Cohen*, 261 N.C. App. 576, 585 (2018). But where the hearing is held on motion by an aggrieved party, the burden rests upon the aggrieved party to show by a preponderance of the evidence why the alleged contemnor should be held in civil contempt. N.C.G.S. § 5A-21(a1) (2024).

Accordingly, we must reverse the trial court's order finding Defendant in civil contempt of the 50C Order.

REVERSED.

Judges TYSON and WOOD concur.