IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-984

Filed 21 May 2025

Union County, No. 19 CVD 3241

BECKY MINTER BRIDGES, Plaintiff,

v.

PHILIP KEITH BRIDGES, Defendant.

Appeal by Defendant from Order entered 29 September 2023 by Judge Erin S. Hucks in Union County District Court. Heard in the Court of Appeals 9 April 2025.

*Parent Defender Wendy C. Sotolongo, by Assistant Parent Defender Jacky L. Brammer, for Defendant-Appellant.*

*Becky Minter Bridges, pro se Plaintiff-Appellee.*

HAMPSON, Judge.

## Factual and Procedural Background

Philip Keith Bridges (Defendant) appeals from an Order holding him in civil contempt for failure to pay child support and uninsured medical expenses. The Record before us tends to reflect the following:

Defendant and Becky Minter Bridges (Plaintiff) separated in October 2019. They had three minor children during the course of their marriage. Plaintiff filed a Complaint seeking child custody, child support, and equitable distribution on 8 November 2019. The trial court entered an Order Regarding Temporary Child

Custody and Child Support on 23 November 2020 providing: the parties had joint legal custody of the children, Plaintiff had primary physical custody of the children, and Defendant was responsible for child support of $1,071.28 per month and 38.44% of the children's uninsured medical expenses after Plaintiff paid the first $250.00. Plaintiff filed a Motion for Civil Contempt and Motion for Attorney's Fees on 12 April 2021.

The trial court held a hearing on child custody, child support, and Plaintiff's Motions on 9 and 10 September 2021. The trial court entered an Order Regarding Permanent Child Custody, Child Support, Civil Contempt and Attorney's Fees (Permanent Order) on 14 February 2022. Based on evidence presented during the hearing, the trial court found Defendant's child support obligation should be $725.01 per month, but in the decretal portion, the trial court ordered Defendant to pay $881.62 per month in child support. The trial court ordered the new obligation to be effective as of 1 October 2021. The trial court also found Plaintiff had incurred $8,030.00 in attorney fees and ordered Defendant to pay $150.00 per month until he had paid that sum in full.

Plaintiff filed a Motion for Civil Contempt on 23 June 2023, alleging Defendant owed $3,176.48 in unpaid child support, $171.58 in unpaid uninsured medical expenses, and $1,350.00 in attorney fees. The trial court heard arguments on this matter on 5 September 2023. The same day, at oral rendition, the trial court found Defendant in contempt of the Permanent Order and required Defendant pay the total

amount of child support and medical expenses he owed—$3,348.06—to purge himself of contempt. On 10 September 2023, Defendant executed a cash bond for the purge amount. The trial court entered its written Contempt Order articulating its Findings and Conclusions on 29 September 2023. In the Contempt Order, the trial court found Defendant in willful contempt of the Permanent Order and that Defendant had already purged himself of that contempt. In the decretal portion of the Contempt Order, the trial court stated: "Defendant/Father is in civil contempt of this Court's Order entered on February 14, 2022." Plaintiff timely filed Notice of Appeal on 11 October 2023.

## Issue

The dispositive issue on appeal is whether the trial court erred by holding Defendant in contempt after he had paid the entirety of the purge amount.

## Analysis

"In contrast to criminal contempt which 'is administered as punishment for acts already committed that have impeded the administration of justice, . . . [c]ivil contempt, . . . , is employed to coerce disobedient defendants into complying with orders of court.'" *Ruth v. Ruth*, 158 N.C. App. 123, 126, 579 S.E.2d 909, 912 (2003) (alterations in original) (quoting *Brower v. Brower*, 70 N.C. App. 131, 133, 318 S.E.2d 542, 544 (1984)). In *Ruth*, this Court held the lower tribunal improperly held a party in contempt where she had complied with the underlying court order after issuance of a show cause order. *Id.* at 126-27, 579 S.E.2d at 912.

This Court expanded on *Ruth* in *McKinney v. McKinney*, 253 N.C. App. 473, 799 S.E.2d 280 (2017). There, the Court noted *Ruth* held "a district court 'does not have the authority to impose civil contempt after an individual has complied with a court order, even if the compliance occurs after the party is served with a motion to show cause why he should not be held in contempt of court.'" *Id.* at 476, 799 S.E.2d at 283 (quoting *Ruth*, 158 N.C. App. at 126, 579 S.E.2d at 912). Building on that proposition, this Court held the trial court likewise lacked authority to hold the contemnor in contempt where, between oral rendition of the order and entry of the written order, the contemnor purged himself of the contempt. *Id.* at 477, 799 S.E.2d at 283.

The Court reasoned that because the trial court's contempt order had not been written and entered before the contemnor purged the contempt, it was not effective. *Id. See also* N.C.R. Civ. P., Rule 58 ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court[.]"); *see also Olson v. McMillian*, 144 N.C. App. 615, 619, 548 S.E.2d 571, 574 (2001) ("When a trial court's oral order is not reduced to writing, it is non-existent[.]" (citation and quotation marks omitted)). Therefore, similarly to *Ruth*, the trial court could not hold the contemnor in contempt, even though the trial court had orally rendered its ruling. *McKinney*, 253 N.C. App. at 477, 799 S.E.2d at 283. As a result, this Court vacated the civil contempt order. *Id.* Although this holding goes further than the Court did in *Ruth*—given that *Ruth* solely addressed a contemnor's compliance after issuance

of a show cause order where there had not yet been a determination of contempt—where a panel of the Court of Appeals has decided the issue, we are bound by that precedent. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Here, the trial court heard arguments on Plaintiff's Motion for Civil Contempt on 5 September 2023. The same day, the trial court orally found Defendant was in contempt of its Order. Defendant was incarcerated and ordered to pay the total amount of child support and medical expenses he owed—$3,348.06—to purge himself of contempt. Defendant executed a cash bond for the purge amount on 10 September 2023. On 29 September 2023, the trial court filed its written order finding Defendant in contempt and that Defendant had purged himself of that contempt. Consistent with *McKinney*, the trial court did not have authority to hold Defendant in contempt because he had purged the contempt prior to entry of the written order. Thus, the trial court erred by holding Defendant in contempt. Therefore, we are compelled to vacate the Contempt Order.[1]

## **Conclusion**

Accordingly, for the foregoing reasons, we vacate the Contempt Order.


VACATED.

Judges COLLINS and CARPENTER concur.

---

[1] Because we conclude the Contempt Order must be vacated, we do not reach the merits of Defendant's other arguments.