TYSON, Judge.
Cline & Company, Inc. ("defendant") appeals from order entered enforcing a settlement agreement with Selwyn Village Homeowners Association ("plaintiff") and from *910 judgment entered awarding plaintiff $26,000.00. We dismiss defendant's appeal.
I. Background
In June 2003, plaintiff's condominium units were flooded during a rain storm. During this time, defendant was responsible for managing plaintiff's homeowners association. Edwards, Church & Muse, Inc. ("ECM") provided hazard insurance to plaintiff. Plaintiff made a timely claim, together with a proof of loss under the insurance policy obtained by defendant and ECM for the association. Plaintiff subsequently discovered the property was grossly underinsured. Plaintiff brought an action against defendant and ECM alleging breach of contract and negligence.
On 26 April 2006, during the third day of trial, the parties settled the case. The settlement agreement provided defendant shall pay $26,000.00 to plaintiff in installments and the terms of the settlement shall include a confidentiality and non-disparagement agreement. The confidentiality and non-disparagement provisions were to be "worked out" by the parties in a mutually agreeable consent order.
On 25 May 2006, while negotiations were underway concerning the wording of the consent order, plaintiff's counsel was asked by plaintiff's board of directors to explain the settlement terms to members of its homeowners association. Defendant discovered this disclosure and refused to finalize the settlement documents or to make payment to plaintiff. Defendant argued the disclosure by plaintiff's counsel to the members of plaintiff's homeowners association violated the confidentiality and non-disparagement agreement and rendered the settlement void.
On 12 July 2006, plaintiff filed a notice of voluntary dismissal with prejudice against ECM regarding this action. On 19 July 2006, plaintiff moved to enforce the settlement agreement. The trial court granted plaintiff's motion. Defendant appeals.
II. Issues
Defendant argues the trial court erred by: (1) concluding plaintiff did not breach the terms of the settlement agreement; (2) finding members of plaintiff's homeowners association were clients of plaintiff's counsel and were entitled to receive the settlement information; (3) concluding plaintiff's counsel did not intend his report to disclose information other than what related to the settlement agreement; (4) finding that Kelly Ann Cline "surreptitiously" recorded communications between plaintiff's counsel and plaintiff's members; (5) concluding the disclosures made by plaintiff's counsel were not damaging to defendant; and (6) entering judgment against defendant.
III. Motion to Dismiss for Appellate Rules Violations
On 18 May 2007, plaintiff moved to dismiss defendant's appeal for numerous appellate rule violations. Defendant has failed to amend or correct the errors raised in plaintiff's motion to dismiss.
A. Appellate Rules Violations
"It is well settled that the Rules of Appellate Procedure are mandatory and not directory. Thus, compliance with the Rules is required." State v. Hart, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (internal citations and quotations omitted).
Our Supreme Court's interpretation and application of the Appellate Rules is neither new nor has changed in the past 120 years. In 1889, in the case of Walker v. Scott, our Supreme Court stated:
The impression seems to prevail, to some extent, that the Rules of Practice prescribed by this Court are merely directory-that they may be ignored, disregarded and suspended almost as of course. This is a serious mistake. The Court has ample authority to make them. (The Const., Art. IV, sec. 12; The Code, sec. 961; Rencher v. Anderson, 93 N.C. 105 (1885); Barnes v. Easton, 98 N.C. 116, 3 S.E. 744 (1887).) They are deemed essential to the protection of the rights of litigants and the due administration of justice. They have force, and the Court will certainly see that they have effect and are duly observed, whenever they properly apply.
102 N.C. 487, 490, 9 S.E. 488, 489 (1889).
Nearly eighty years ago, our Supreme Court also stated:
*911 We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. They may not be disregarded or set at naught (1) by act of the Legislature, (2) by order of the judge of the Superior Court, (3) by consent of litigants or counsel. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly.
Pruitt v. Wood, 199 N.C. 788, 789-90, 156 S.E. 126, 127 (1930) (emphasis supplied).
"`Violation of the mandatory rules will subject an appeal to dismissal.'" Hart, 361 N.C. at 311, 644 S.E.2d at 202 (quoting Steingress v. Steingress, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). "When our Supreme Court said an appeal is subject to dismissal for rules violations, it did not mean that an appeal shall be dismissed for any violation. Rather, subject to means that dismissal is one possible sanction." Id. at 313, 644 S.E.2d at 203 (internal citations and quotations omitted). Some sanction, other than dismissal, may be appropriate pursuant to Rule 25(b) or Rule 34 of the North Carolina Rules of Appellate Procedure. Id. at 311, 644 S.E.2d at 202. "The Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." Viar v. N.C. DOT, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (citing Bradshaw v. Stansberry, 164 N.C. 356, 79 S.E. 302 (1913)).
1. Appellate Rule 28(b)(6)
Plaintiff appropriately moved for and argues that defendant's appeal should be dismissed for failure to comply with Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure. We agree.
In the argument section of defendant's brief, defendant states the questions presented and references the assignments of errors pertinent to the question. Defendant failed to identify the pages at which the assignments of error appear in the record following the questions presented.
Appellate Rule 28(b)(6) provides, in relevant part, that an appellate brief shall contain:
An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal.
N.C.R.App. P. 28(b)(6) (2007) (emphasis supplied).
"This Court has noted that when the appellant's brief does not comply with the rules by properly setting forth exceptions and assignments of error with reference to the transcript and authorities relied on under each assignment, it is difficult if not impossible to properly determine the appeal." Steingress, 350 N.C. at 66, 511 S.E.2d at 299 (citing State v. Newton, 207 N.C. 323, 329, 177 S.E. 184, 187 (1934)). Defendant's failure to identify any assignment of error by the page where it appears in the record following the question presented violates Appellate Rule 28(b)(6) and subjects its appeal to dismissal.
2. Appellate Rule 26(g)
Plaintiff also argues defendant's appeal should be dismissed for failure to comply with Rule 26(g) of the North Carolina Rules of Appellate Procedure. We agree.
Appellate Rule 26(g)(1) provides, in relevant part, "the format of all papers presented for filing shall follow the additional instructions found in the Appendixes to these Appellate Rules." N.C.R.App. P. 26(g)(1) (2007) (emphasis supplied). Appendix B states, "the index should be indexed approximately ¾" from each margin, providing a five inch line." N.C.R.App. P. apps. b (2007). "Captions, headings, and long quotes" should be single-spaced. Id. Appendix E states, "the Appendix should include a table of contents, showing the pertinent contents of the appendix, the transcript or appendix page reference and a reference back to the page of the brief citing the appendix." N.C.R.App. P. apps. e (2007).
*912 In Lewis v. Craven Reg'l Medical Ctr., this Court stated, "because defendants have not complied with Rule 26, we could elect not to consider their brief . . ." 122 N.C.App. 143, 147, 468 S.E.2d 269, 273 (1996), aff'd, 352 N.C. 668, 535 S.E.2d 33 (2000); see Bradshaw, 164 N.C. at 356, 79 S.E. at 302 ("The motion of the appellee to dismiss the appeal for failure to print the record and briefs in accordance with the rules of this Court is allowed."). Defendant's brief violates Appellate Rule 26(g)(1) by containing: (1) an improper index margin; (2) double-spaced captions and headings; and (3) no appendix page reference. Defendant acknowledged its violations of these rules and has made no attempt to correct, amend, or substitute its brief. Defendant's failure to comply with Appellate Rule 26(g)(1) subjects its appeal to dismissal. Id.
B. Discretionary Invocation of Appellate Rule 2
In light of our Supreme Court's decision in Hart, we must determine whether to invoke and apply Rule 2 despite defendant's appellate rules violations and review the merits of its appeal. 361 N.C. 309, 644 S.E.2d 201. Under these facts, we decline to do so.
Rule 2 of the North Carolina Rules of Appellate Procedure provides:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly prohibited by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
N.C.R.App. P. 2 (2007). Our Supreme Court has stated, Appellate Rule 2 "must be applied cautiously." Hart, 361 N.C. at 315, 644 S.E.2d at 205. "Rule 2 relates to the residual power of the North Carolina appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the court and only in such instances." Id. at 315-16, 644 S.E.2d at 205 (citations omitted) (emphasis supplied). The decision whether to invoke Appellate Rule 2 is discretionary and is to be limited to "rare" cases in which a fundamental purpose of the appellate rules is at stake. Id. Appellate Rule 2 has most consistently been invoked to prevent manifest injustice in criminal cases in which substantial rights of a defendant are affected. Id. at 316, 644 S.E.2d at 205 (citing State v. Sanders, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984)).
Nothing in the record or briefs demonstrates "exceptional circumstances" to suspend or vary the rules in order "to prevent manifest injustice to a party, or to expedite decision in the public interest." Id. (citation omitted). In the exercise our discretion, we decline to ignore defendant's uncorrected rules violations and to invoke Appellate Rule 2.
IV. Conclusion
Defendant committed numerous violations of the North Carolina Rules of Appellate Procedure. Plaintiff has moved to dismiss defendant's appeal. After service of plaintiff's motion, defendant failed to amend or correct its admitted violations and deficiencies described above.
"`The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal.'" Viar, 359 N.C. at 401, 610 S.E.2d at 360 (quoting Steingress, 350 N.C. at 65, 511 S.E.2d at 299). "The Rules of Appellate Procedure must be consistently applied; otherwise they become meaningless." Id. at 402, 610 S.E.2d at 361 (citing Stansberry, 164 N.C. at 356, 79 S.E. at 302). In the exercise of our discretionary authority, we decline to invoke Appellate Rule 2. Hart, 361 N.C. at 315, 644 S.E.2d at 204-05. Defendant's appeal is dismissed.
Dismissed.
Judges McGEE and ELMORE concur.