IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-600

 Filed: 5 February 2019

Buncombe County, No. 15 CVD 1562

GARY PHILIP RAMSEY, Plaintiff,

 v.

KALLEY ELIZABETH RAMSEY, Defendant.

 Appeal by plaintiff from order entered 27 February 2018 by Judge Susan

Dotson-Smith in Buncombe County District Court. Heard in the Court of Appeals 13

November 2018.

 Mary E. Arrowood for plaintiff-appellant.

 No brief filed for defendant-appellee.

 ZACHARY, Judge.

 Plaintiff Gary P. Ramsey appeals from the trial court’s order holding him in

contempt. However, because our ability to conduct meaningful appellate review has

been impaired due to Plaintiff’s gross and substantial noncompliance with the North

Carolina Rules of Appellate Procedure, we dismiss the appeal.

I. Nonjurisdictional Appellate Rules Violations

 Included among the North Carolina Rules of Appellate Procedure is a litany of

nonjurisdictional requirements that are “designed primarily to keep the appellate

process flowing in an orderly manner.” Dogwood Dev. & Mgmt. Co. v. White Oak
 RAMSEY V. RAMSEY

 Opinion of the Court

Transp. Co., 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008). Though not jurisdictional,

compliance with these rules is mandatory. Id. at 194, 657 S.E.2d at 362.

 One such directive is Rule 12, which requires the appellant to file the record

on appeal within fifteen days after the record has been settled pursuant to Rule 11.

N.C.R. App. P. 12(a). Another nonjurisdictional but mandatory requirement is Rule

28(b), which governs the content of an appellant’s brief. N.C.R. App. P. 28(b). The

function of Rule 28 is to ensure that the parties’ briefs “define clearly the issues

presented to the reviewing court and to present the arguments and authorities upon

which the parties rely in support of their respective positions thereon.” N.C.R. App.

P. 28(a). Rule 28(b) contains a list of ten rules designed to promote that function. For

example, before setting forth his substantive argument, the appellant’s brief must

first contain a separate statement of the issues presented for review; a statement of

the procedural history of the case; and a statement of the grounds for appellate

review, including citation to the statute permitting appellate review. N.C.R. App. P.

28(b)(2)-(4). An appellant’s brief must also include a section containing “[a] full and

complete statement of the facts”—that is, a “summary of all material facts underlying

the matter in controversy which are necessary to understand all issues presented for

review.” N.C.R. App. P. 28(b)(5).

 A “failure of the parties to comply with the[se] rules, and failure of the

appellate courts to demand compliance therewith, may impede the administration of

 -2-
 RAMSEY V. RAMSEY

 Opinion of the Court

justice.” Dogwood, 362 N.C. at 193, 657 S.E.2d at 362. Rule 25 therefore allows this

Court, on its own initiative, to sanction a party for noncompliance. N.C.R. App. P.

25(b). However, sanctions are only appropriate where the party’s noncompliance

“rise[s] to the level of a ‘substantial failure’ or ‘gross violation.’ ” Dogwood, 362 N.C.

at 199, 657 S.E.2d at 366. Factors relevant to that determination will include, among

others, “whether and to what extent the noncompliance impairs the court’s task of

review and whether and to what extent review on the merits would frustrate the

adversarial process.” Id. at 200, 657 S.E.2d at 366-67. “The court may also consider

the number of rules violated, although in certain instances noncompliance with a

discrete requirement of the rules may constitute a default precluding substantive

review.” Id. at 200, 657 S.E.2d at 367.

 If it is determined that a party’s violation of nonjurisdictional rules does indeed

rise to the level of gross or substantial, then Rule 34(b) provides a list of appropriate

sanctions that this Court may impose. N.C.R. App. P. 34(b); Dogwood, 362 N.C. at

201, 657 S.E.2d at 367. The list of appropriate sanctions includes dismissal of the

appeal, monetary sanctions, and “any other sanction deemed just and proper.” N.C.R.

App. P. 34(b)(1)-(3).

 In determining which of the Rule 34(b) sanctions to impose, it is well settled

that this Court ordinarily “should impose a sanction other than dismissal . . . . This

systemic preference not only accords fundamental fairness to litigants but also serves

 -3-
 RAMSEY V. RAMSEY

 Opinion of the Court

to promote public confidence in the administration of justice in our appellate courts.”

Dogwood, 362 N.C. at 200, 657 S.E.2d at 366. Ultimately, “the sanction imposed

should reflect the gravity of the violation,” id., and be well tailored to this Court’s

discretionary “authority to promote compliance with the appellate rules,” id. at 199,

657 S.E.2d at 366, bearing in mind that dismissal is reserved only for the “most

egregious instances of nonjurisdictional default.” Id. at 200, 657 S.E.2d at 366.

 If after consideration of other sanctions it is nonetheless determined that the

party’s noncompliance warrants dismissal, this Court “may then consider whether

the circumstances of the case justify invoking Rule 2 to reach the merits of the

appeal.” Id. at 201, 657 S.E.2d at 367. “In this situation, [we] may only review the

merits on ‘rare occasions’ and under ‘exceptional circumstances,’ ‘to prevent manifest

injustice to a party, or to expedite decision in the public interest.’ ” Id. (quoting State

v. Hart, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) and N.C.R. App. P. 2). The

decision whether to invoke Rule 2 is within the discretion of this Court. Selwyn Vill.

Homeowners Ass’n. v. Cline & Co., 186 N.C. App. 645, 650, 651 S.E.2d 909, 912 (2007).

II. Nature of the Appellate Rules Violations in the Instant Case

 Plaintiff’s appeal in the instant case violates at least eight mandatory rules of

the North Carolina Rules of Appellate Procedure: Rules 28(b)(2), 28(b)(3), 28(b)(4),

28(b)(5), 28(b)(6), 28(b)(9), 28(j)(2), and 12(a). Particularly concerning is that

Plaintiff’s brief contains no Statement of the Facts, as required by Rule 28(b)(5).

 -4-
 RAMSEY V. RAMSEY

 Opinion of the Court

Plaintiff’s brief instead begins immediately with his Argument, providing this Court

with no context from which to understand his scattered references to the various

errors alleged therein. Cf. Pers. Earth Movers, Inc. v. Thomas, 182 N.C. App. 329,

330, 641 S.E.2d 751, 752 (2007) (“[D]efendant’s account of the facts is exactly one

paragraph with eighteen lines. Additionally, the facts are at best vague[] [and] fail to

set forth the material facts necessary to adequately understand the questions

presented for appellate review . . . .”). Nor is there a Statement of the Case as required

by Rule 28(b)(3). Thus, even after having fully read Plaintiff’s brief, this Court is left

entirely unaware of the procedural posture from which the appeal resulted.

 Furthermore, wholly absent from Plaintiff’s brief is a Statement of the

Grounds for Appellate Review, with accompanying citation of the supporting

statutory authority, as required by Rule 28(b)(4). Plaintiff’s brief also violates Rule

28(b)(6), which requires that his “argument shall contain a concise statement of the

applicable standard(s) of review for each issue, which shall appear either at the

beginning of the discussion of each issue or under a separate heading placed before

the beginning of the discussion of all the issues.” N.C.R. App. P. 28(b)(6). Here,

Plaintiff only includes the standard of review at the beginning of the second of his

three argument sections. Even then, Plaintiff merely provides that “The standard of

review is whether or not there is competent evidence to support findings of fact and

 -5-
 RAMSEY V. RAMSEY

 Opinion of the Court

whether the findings are supported by conclusions of law.”1 The first and third

argument sections do not reference a governing standard of review until the final

sentences wherein, again, Plaintiff simply proclaims in conclusion that “The standard

of review is whether or not there was an abuse of discretion by the trial court.”

Moreover, in blatant violation of Rule 28(b)(6), none of Plaintiff’s three arguments

contain any citation of authority verifying that his proffered standard of review is, in

fact, correct.

 Plaintiff’s brief also contains other more minor errors. Also absent from

Plaintiff’s brief is a statement of the issues presented for review, in violation of Rule

28(b)(2). Next, Plaintiff’s Certificate of Service provides that he served his brief “upon

all parties to this cause” rather than specifically identifying “the names of the persons

served,” as required by Rules 28(b)(9) and 26(d). N.C.R. App. P. 28(b)(9); N.C.R. App.

P. 26(d). Though seemingly negligible, this violation is concerning in that no appellee

brief was filed in the instant case. See Dogwood, 362 N.C. at 199-200, 657 S.E.2d at

366 (explaining that the Court’s “exercise of remedial discretion under Rules 25 and

34 entails a fact-specific inquiry into the particular circumstances of each case”). Also

minor, yet indicative of his overall noncompliance with the Appellate Rules, is

 1 We further note that this is not the correct standard of review. See Watson v. Watson, 187
N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007) (“The standard of review for contempt proceedings is
limited to determining whether there is competent evidence to support the findings of fact and whether
the findings support the conclusions of law.” (emphasis added)), disc. review denied, 362 N.C. 373, 662
S.E.2d 551 (2008).

 -6-
 RAMSEY V. RAMSEY

 Opinion of the Court

Plaintiff’s Certificate of Compliance, which declares the precise number of words

contained in his brief, instead of the statement required by Rule 28(j)(2) that it

“contains no more than [8,750] words.” N.C.R. App. P. 28(j), (j)(2). Finally, but

certainly not least, Plaintiff did not timely file the record on appeal within the fifteen-

day period prescribed under Rule 12(a).2

 Given their nature and striking quantity, we conclude that these appellate

rules violations are so “gross” and “substantial” so as to warrant sanctions under

Rules 25 and 34 of the North Carolina Rules of Appellate Procedure. See, e.g., Tabor

v. Kaufman, 196 N.C. App. 745, 746-47, 675 S.E.2d 701, 702-03, disc. review denied,

363 N.C. 381, 679 S.E.2d 836 (2009). We must therefore “determine which, if any,

sanction under Rule 34(b) should be imposed.” Dogwood, 362 N.C. at 201, 657 S.E.2d

at 367. We conclude that Plaintiff’s violations are so egregious as to warrant

dismissal of his appeal.

 Quite frankly, this Court was left dumbfounded as to the pertinent facts and

issues of the instant case even after a complete and thorough reading of Plaintiff’s

brief. Plaintiff has completely failed to provide meaningful procedural and factual

background information, leaving this Court to make its own “voyage of discovery

through the record” in order to glean for ourselves the relevant circumstances

 2 Plaintiff served the proposed record on appeal upon Defendant on 23 April 2018. Plaintiff’s
proposed record on appeal then became the record on appeal on 23 May 2018 by operation of Rule
11(b). Plaintiff was therefore required to file the record on appeal with this Court on or before 7 June
2018 in order to comply with Rule 12(a). Plaintiff did not file the record on appeal until 13 June 2018.

 -7-
 RAMSEY V. RAMSEY

 Opinion of the Court

underlying his appeal. Pers. Earth Movers, Inc., 182 N.C. App. at 331, 641 S.E.2d at

752. This we will not do. Nor will we accept the additional delegation of Plaintiff’s

responsibility to research his grounds for appellate review and, assuming that such

grounds exist, the standards of review that apply. Of particular implicit concern in

the appellate rules is a regard for the already exhaustive catalog of responsibilities

that this Court must necessarily undertake. And where not flagrant by virtue of their

substance, Plaintiff’s remaining violations of the appellate rules supplant the overall

egregiousness by virtue of their quantity. We have considered sanctions permitted

under Rule 34(b) other than dismissal. However, in a case such as this, and in order

to ensure better compliance with the appellate rules, we conclude that dismissal is

appropriate and justified.

 Finally, we must determine whether to invoke Rule 2 and review the merits of

the instant appeal despite Plaintiff’s gross violations of the appellate rules. Dogwood,

362 N.C. at 201, 657 S.E.2d at 367.

 “Appellate Rule 2 has most consistently been invoked to prevent manifest

injustice in criminal cases in which substantial rights of a defendant are affected.”

Selwyn Vill. Homeowners Ass’n., 186 N.C. App. at 650, 651 S.E.2d at 912. This is not

such a case. Cf., e.g., State v. Castaneda, 196 N.C. App. 109, 115, 674 S.E.2d 707, 711

(2009) (invoking Rule 2 and reviewing the merits of the defendant’s appeal despite

substantial appellate rules violations because it would have been “manifestly unjust”

 -8-
 RAMSEY V. RAMSEY

 Opinion of the Court

to ignore the defendant’s argument as he “face[d] life imprisonment and [made] a

compelling argument that the trial court’s error prejudiced him”). As best we can tell

from parsing the record on appeal, the order from which Plaintiff appeals appears to

have required Plaintiff to pay to his ex-wife the alleged damages and attorney’s fees

that resulted from his year-long refusal to abide by the terms of the parties’ Consent

Judgment. We conclude that nothing inherent in these circumstances indicates the

exceptionality or manifest injustice necessary to justify suspending the appellate

rules in order to reach the merits of Plaintiff’s appeal. Therefore, in the exercise of

our discretion, we decline to invoke Rule 2.

 Accordingly, the instant appeal is dismissed.

 APPEAL DISMISSED.

 Judge BRYANT concurs.

 Judge DILLON dissents by separate opinion.

 -9-
 No. COA18-600 – Ramsey v. Ramsey

 DILLON, Judge, dissenting.

 In this appeal, Appellant Gary P. Ramsey (“Husband”) appeals from an order

finding him in civil contempt for failing to immediately file a Qualified Domestic

Relations Order (“QDRO”) as required by a consent judgment (“Consent Judgment”)

entered between him and his ex-wife Kalley Elizabeth Ramsey (“Wife”). I agree with

the majority that Husband has committed a number of non-jurisdictional errors in

his brief on appeal that may warrant sanctions. However, for the reasons stated

below, I disagree with the majority that these errors rise to the level of warranting

dismissal of the appeal and, therefore, would reach the merits of Husband’s

arguments. Based on my review of Husband’s arguments, I would affirm in part and

reverse in part the order of civil contempt.

 I. Background

 In May 2015, Husband filed this action seeking divorce from Wife and

equitable distribution of their marital assets. In August 2016, the trial court entered

a Consent Judgment, which required Husband to file a QDRO to cause the rollover

of $14,500 from Husband’s 401(k) to Wife:

 [Husband] shall pay $29,000.00 distributive award to
 [Wife]; [Half] to be paid at time of refinance of Narrows
 Court mortgage and [half] to be rolled over from
 [Husband’s] NC 401(k) account. Counsel for
 [Husband] shall immediately draft [“QDRO”] to
 effectuate said roll-over to [Wife] as soon as possible.

(Emphasis added).
 RAMSEY V. RAMSEY

 DILLON, J., dissenting.

 Five months later, in December 2016, Wife filed a Motion for Contempt as

Husband had failed to timely comply with this provision.

 Ten months later, in October 2017, Husband finally filed the QDRO, as

required by the Consent Judgment. And in December 2017, the QDRO was approved

by Husband’s plan administrator, and $14,500 was transferred from Husband’s

401(k) to Wife.

 Notwithstanding Husband’s eventual compliance with the Consent Judgment,

in February 2018, after conducting a hearing on Wife’s contempt motion, the trial

court entered a Contempt Order which essentially did three things: (1) it held

Husband in civil contempt; (2) it awarded Wife damages in the amount of $1,268.68,

representing the interest Wife lost for the 14-month delay by Husband in transferring

to her the $14,500 from his 401(k); and (3) it ordered Husband to pay Wife’s attorney’s

fees in the amount of $2,000. Husband timely appealed to our Court.

 II. Non-Compliance with the Rules of Appellate Procedure

 As noted by the majority, compliance with the North Carolina Rules of

Appellate Procedure is mandatory. Dogwood Dev. & Mgmt. Co. v. White Oak Transp.

Co., 362 N.C. 191, 194, 657 S.E.2d 361, 362 (2008). Thus, our Court may sanction a

party if he fails to comply with these Rules. Id. at 199, 657 S.E.2d at 366; N.C. R.

App. P. 25(b). However, our Supreme Court has advised that our Court, in cases of

noncompliance with non-jurisdictional requirements, “should simply perform its core

 2
 RAMSEY V. RAMSEY

 DILLON, J., dissenting.

function of reviewing the merits of the appeal to the extent possible.” Id. Indeed,

Rule 34(b) provides a list of sanctions a court may impose and, in most situations,

“[our Court] should impose a sanction other than dismissal and review the merits of

the appeal.” Dogwood at 200, 657 S.E.2d at 366; N.C. R. App. P. 34(b).

 Here, I do not believe that Husband’s non-jurisdictional errors prevent us from

our ability to understand Husband’s appeal. For instance, even though Husband’s

brief only contains “Argument” sections (omitting factual and procedural background

sections, etc.), his first argument does commence by describing exactly what he is

appealing: “The trial court found Plaintiff in civil contempt for failure to immediately

file a [QDRO].” And the arguments in the brief clearly describe why Husband

believes the trial court erred in entering its Contempt Order. As there are several

other sanctions available, I believe that, based on Dogwood, dismissing Husband’s

appeal is not warranted. Accordingly, I believe it is appropriate to address the merits

of Husband’s appeal, which I do, below.

 III. Civil Contempt Order

 A. Civil Contempt

 Husband argues that the trial court erred in holding him in civil contempt, as

he had already complied with the Consent Judgment before the Contempt Order was

entered. I agree.

 3
 RAMSEY V. RAMSEY

 DILLON, J., dissenting.

 The trial court held Husband in civil contempt for “failure to abide by the

Judgment provision that he immediately file a Qualified Domestic Relations Order[.]”

The purge condition, though, did not require Husband to file a QDRO, as he had

already done so. Rather, the trial court erroneously required Husband to pay Wife

damages for lost interest as a purge condition.

 Civil contempt is proper where a party fails to comply with an order of the

court and “(1) [t]he order remains in force; (2) [t]he purpose of the order may still be

served by compliance with the order; (2a) [t]he noncompliance by the person to whom

the order is directed is willful; and (3) [t]he person to whom the order is directed is

able to comply with the order or is able to take reasonable measures that would

enable the person to comply with the order.” N.C. Gen. Stat. § 5A-21(a) (2016); see

O’Briant v. O’Briant, 313 N.C. 432, 434-35, 329 S.E.2d 370, 372-73 (1985). Our

Supreme Court has held that civil contempt “is not a form of punishment; rather, it

is a civil remedy to be utilized exclusively to enforce compliance with court orders.”

Jolly v. Wright, 300 N.C. 83, 92, 265 S.E.2d 135, 142 (1980). It follows that civil

contempt is only proper where one is currently not in compliance with a court order.

See id.; see also Ruth v. Ruth, 158 N.C. App. 123, 126, 579 S.E.2d 909, 912 (2003)

(holding that a court “does not have the authority to impose civil contempt after an

individual has complied with a court order, even if the compliance occurs after the

 4
 RAMSEY V. RAMSEY

 DILLON, J., dissenting.

party is served with a motion to show cause why he should not be held in [civil]

contempt of court.”).

 In the present case, Husband, while late, did comply with the Consent

Judgment. And there was nothing in the Consent Judgment which required him to

pay lost interest. Therefore, there was no ground for the trial court to hold Husband

in civil contempt at the time the Contempt Order was entered. See id. I would vacate

that portion of the trial court’s Contempt Order holding Husband in civil contempt.

 B. Damages

 Husband argues that the trial court exceeded its authority by ordering him to

pay Wife damages in the context of a contempt proceeding. Again, I agree.

 North Carolina takes the minority position that damages are not appropriate

in a contempt proceeding. See Hartsell v. Hartsell, 99 N.C. App 380, 391, 393 S.E.2d

570, 577 (1990), aff’d, 328 N.C. 729, 403 S.E.2d 307 (1991); accord Elliott v. Burton,

19 N.C. App 291, 295, 198 S.E.2d 489, 491 (1973) (stating that “even then the trial

judge in this State has no authority to award indemnifying fines or other

compensation to a private party in a contempt proceeding”). Thus, I would vacate

that portion of the trial court’s Contempt Order awarding Wife $1,268.68 in lost

interest. Wife may have a remedy, perhaps through a motion in the equitable

distribution proceeding, to seek relief for Husband’s behavior; however she may not

do so through a contempt motion.

 5
 RAMSEY V. RAMSEY

 DILLON, J., dissenting.

 C. Attorney’s Fees

 Husband argues that the trial court exceeded its authority by awarding Wife

attorney’s fees. I disagree.

 Attorney’s fees are generally not available in a civil contempt proceeding

unless the moving party prevails. Ruth v. Ruth, 158 N.C. App. 123, 127, 579 S.E.2d

909, 912 (2003). However, our Court has held that, “in the limited situation where

contempt fails because the alleged contemnor complies with the previous orders after

the motion to show cause is issued and prior to the contempt hearing, an award of

attorney's fees is proper.” Id. Thus, in this case, even though Husband complied with

the Consent Judgment prior to the entry of the Contempt Order, thereby eliminating

the court’s ability to hold him in contempt and award Wife damages, the trial court

could and did award Wife attorney’s fees. Id. Therefore, my vote is to affirm that

portion of the Contempt Order.3

 IV. Conclusion

 My vote is to affirm the portion of the Contempt Order awarding wife

attorney’s fees but to reverse the remainder of that Order.

 3I note Husband’s argument that the trial court’s findings are not supported by competent
evidence. However, Wife’s contempt motion was verified by Wife, and Wife’s attorney filed an affidavit
regarding attorney’s fees. I conclude that the trial court’s award of attorney’s fees is supported by the
evidence that was before the trial court.

 6