**PERSON EARTH MOVERS, INC. v. THOMAS**

[182 N.C. App. 329 (2007)]

Affirmed.

Judges McCULLOUGH and BRYANT concur.

━━━━━━━━━━━

PERSON EARTH MOVERS, INC., PLAINTIFF v. RUSSELL W. THOMAS, DEFENDANT

No. COA06-816

(Filed 20 March 2007)

**Appeal and Error— substantial appellate rules violations— dismissal of appeal**

    Defendant's appeal from a judgment entered 5 December 2005 consistent with a jury verdict finding him liable on a claim of breach of contract and awarding plaintiff $9,882.50 in damages and interest at eight percent is dismissed based on substantial appellate rules violations, because: (1) defendant failed to include a statement of the grounds for appellate review in his brief as required by N.C. R. App. P. 28(b)(4); (2) defendant's statement of the facts contravenes the requirements of N.C. R. App. P. 28(b)(5); (3) defendant's brief failed to comply with N.C. R. App. P. 28(b)(6) in that it does not contain a concise statement of the applicable standard(s) of review for each question presented along with citations of the authorities upon which appellant relies; (4) defendant's assignments of error run afoul of N.C. R. App. P. 10(c)(1); (5) the record on appeal does not include several of the exhibits defendant asserts were erroneously admitted in violation of N.C. R. App. P. 9; and (6) it is not the role of the appellate courts to create an appeal for an appellant.

Appeal by defendant from judgment entered 16 December 2005 by Judge W. Osmond Smith, III in Person County Superior Court. Heard in the Court of Appeals 7 March 2007.

*No brief filed for plaintiff-appellee.*

*Bradsher, Grissom, & Holloman, PLLC, by Wallace W. Bradsher, Jr., for defendant-appellant.*

PERSON EARTH MOVERS, INC. v. THOMAS

[182 N.C. App. 329 (2007)]

LEVINSON, Judge.

Defendant appeals from judgment entered 5 December 2005 consistent with a jury verdict finding him liable on a claim of breach of contract and awarding plaintiff $9,882.50 in damages and interest at eight percent (8%). This case arises from a contractual dispute between plaintiff and defendant regarding landscaping services performed by plaintiff on defendant's property. Due to very substantial violations of the North Carolina Rules of Appellate Procedure that impair our ability to comprehend this case and the issues, we are constrained to dismiss the appeal.

Defendant has not included a statement of the grounds for appellate review in his brief in accordance with N.C.R. App. P. 28(b)(4). Rule 28(b)(4) provides, in pertinent part, that "[s]uch statement shall include citation of the statute or statutes permitting appellate review." Next, defendant's statement of the facts contravenes the requirements of N.C.R. App. P. 28(b)(5). Rule 28(b)(5) requires "[a] full and complete statement of the facts . . . underlying the matter in controversy which are necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be." Despite a large record, including a five volume transcript consisting of 670 pages, defendant's account of the facts is exactly one paragraph with eighteen lines. Additionally, the facts are at best vague; fail to set forth the material facts necessary to adequately understand the questions presented for appellate review; and contain not one single specific page reference to the transcript, instead referencing the "entire transcript" three times.

Defendant's brief also fails to comply with N.C.R. App. P. 28(b)(6) in that it does not "contain a concise statement of the applicable standard(s) of review for each question presented [along with] citations of the authorities upon which the appellant relies." In the present case, defendant sets forth five (5) arguments on appeal, but provides associated standards of review for none of them.

Defendant's assignments of error run afoul of N.C.R. App. P. 10(c)(1):

> . . . Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the

attention of the appellate court to the particular error about which the question is made. . . .

"Rule 10 allows our appellate courts to fairly and expeditiously review the assignments of error without making a voyage of discovery through the record in order to determine the legal questions involved." *Walker v. Walker*, 174 N.C. App. 778, 780, 624 S.E.2d 639, 641 (2005), *disc. review denied*, 360 N.C. 491, 632 S.E.2d 774 (2006) (internal quotation marks and citations omitted). "Our courts have been clear to articulate that absent a specific legal basis, an assignment of error is deemed abandoned. The legal basis need not be particularly polished; it need only put the appellee and this Court on notice of the legal issues that will be contested on appeal." *Collins v. St. George Physical Therapy*, 141 N.C. App. 82, 89, 539 S.E.2d 356, 361-62 (2000) (citations omitted) "[A]ssignments of error [that are] . . . broad, vague, and unspecific . . . do not comply with the North Carolina Rules of Appellate Procedure[.]" *In re Appeal of Lane Co.*, 153 N.C. App. 119, 123, 571 S.E.2d 224, 226-27 (2002).

In the instant case, many of the assignments of error which have been carried over to the brief fail to comply with Rule 10(c)(1). We include two of the deficient assignments:

4. The Court wrongfully admitted Exhibits 2A, 3A, and 2C and published them to the Jury.

. . . .

16. The Court wrongfully ruled as a matter of law that a contract existed.

Much of defendant's brief concerns his argument that the trial court admitted documents in violation of the hearsay rules. *See* N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005) (defining "hearsay"). Defendant complains not only that "compilation" documents should not have been admitted because they were hearsay, but also that certain other documents should have been precluded because the foundation requirements for the business records exception were not satisfied. *See* N.C. Gen. Stat. § 8C-1, Rule 803(6) (2005) ("Records of Regularly Conducted Activity"). The record on appeal does not include several of the exhibits defendant asserts were erroneously admitted; this is in violation of N.C.R. App. P. 9 because they are needed for an understanding of errors assigned. The record on appeal does include one invoice; we cannot be sure if it corresponds with any of the documents defendant contends was erroneously admitted because it does

not bear an exhibit number. Moreover, in setting forth his argument that certain hearsay evidence was erroneously admitted, defendant notes that there was a "dispute over what actual services were performed," and cites the "[e]ntire [v]erbatim [t]ranscript" as the reference for this statement. Defendant also asserts that the "foundational requirements" for the business records exception to the hearsay rule were not satisfied as to certain documents, but does not state with any particularity whatsoever which requirement(s) were not satisfied. According to defendant, "a careful review of the testimony from the beginning of the trial testimony from page 8 through page 142 reveals an insufficient foundation for the business records exception to the hearsay rule." In short, with very little exception, defendant has not constructed an argument concerning hearsay for this Court to properly evaluate.

We next discuss several additional aspects of defendant's brief. Section III concerns defendant's argument that the trial court improperly denied his motion to dismiss at the close of all of the evidence. The argument, included below in its entirety, illustrates why this Court cannot properly conduct appellate review. Defendant fails to cite any legal authorities, and presents a deficient argument for us to address:

> The Court determined that the instant case was an identical claim that was prosecuted by the Plaintiff in 02 CV 54 and 55 (R Transcript Volume 4 page 72 line 11-16). Upon review of the record these claims were dismissed by the Court with prejudice on February 11, 2002. (R Appendix B). The instant action was filed on December 31, 2002. The appellant urges this Court to consider expanding our current law on claim preclusion and collateral estoppel. Currently, the trial Court presumes discretion on whether to dismiss a case based on the affirmative defense of res judicata. Appellant contends and makes a good faith argument for the Court to distinguish cases where a judicial official has dismissed a case with prejudice and a matter that has been adjudicated on its merits. The North Carolina Rules of Civil Procedure, Rule 41, specifically allows the refiling of an action within one year if a matter is dismissed without prejudice. Appellant contends that the plain meaning of that rule, a party who has had their case dismissed with prejudice is precluded from refiling. Appellant prays the Court to distinguish this type of disposition from other affirmative defenses that must be pled, because this action is more than just a res judicata issue, it's a judicial act. To

continue with the present interpretation lumping a dismissal with prejudice in with general res judicata issue is inconsistent with the plain meaning of Rule 41 and Appellant urges the Court, to so rule and remand this matter to the trial Court for dismissal.

Section II of defendant's brief purports to set forth another reason why the trial court should have allowed his motion for nonsuit, specifically that there was no mutuality of agreement. In his one-paragraph argument, defendant cites only *Gray v. Hager*, 69 N.C. App. 331, 317 S.E.2d 59 (1984). Defendant's conclusory argument follows: "In the instant case, upon review of the entire verbatim transcript, there was no agreement as to price and no means to determine price for services rendered[;] therefore, there is no contract as pled in Plaintiff's Complaint, and directed verdict should have been granted." It is not the duty of this Court to peruse through the record, constructing an argument for appellant.

Section V of defendant's brief consists of a two-paragraph, vague argument that the trial court improperly awarded interest on the entire award from a certain date because a "review of the entire verbatim transcript" would "reveal[] at least three different transactions. . . ." To address this issue, this Court would be required to reconstruct the case and articulate an argument for defendant.

In *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005), the Supreme Court articulated that "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." "The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.' " *Id.* at 401, 610 S.E.2d at 361 (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). When viewed in tandem, the nature and significance of plaintiff's rules violations warrant dismissal of the subject appeal. *Compare Stann v. Levine*, 180 N.C. App. 1, 3, 636 S.E.2d 214, 216-17 (2006) (dismissing plaintiff's appeal for failure to comply with, *e.g.*, Rules 10(c)(1) and 28(b)(4),(b)(5), and (b)(6)), *and Caldwell v. Branch*, 181 N.C. App. 107, 110, 638 S.E.2d 552, 555 (2007) ("[T]he trend of this Court to more severely penalize parties for 'substantial,' 'numerous,' or 'multiple' violations of our appellate rules, rather than a single violation[.]").

Dismissed.

Judges McCULLOUGH and BRYANT concur.