ZACHARY, Judge.
*431 Plaintiff Gary P. Ramsey appeals from the trial court's order holding him in contempt. However, because our ability to conduct meaningful appellate review has been impaired due to Plaintiff's gross and substantial noncompliance with the North Carolina *461 Rules of Appellate Procedure, we dismiss the appeal.
I. Nonjurisdictional Appellate Rules Violations
Included among the North Carolina Rules of Appellate Procedure is a litany of nonjurisdictional requirements that are "designed primarily to keep the appellate process flowing in an orderly manner." Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co. , 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008). Though not jurisdictional, compliance with these rules is mandatory. Id. at 194, 657 S.E.2d at 362.
*432 One such directive is Rule 12, which requires the appellant to file the record on appeal within fifteen days after the record has been settled pursuant to Rule 11. N.C.R. App. P. 12(a). Another nonjurisdictional but mandatory requirement is Rule 28(b), which governs the content of an appellant's brief. N.C.R. App. P. 28(b). The function of Rule 28 is to ensure that the parties' briefs "define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon." N.C.R. App. P. 28(a). Rule 28(b) contains a list of ten rules designed to promote that function. For example, before setting forth his substantive argument, the appellant's brief must first contain a separate statement of the issues presented for review; a statement of the procedural history of the case; and a statement of the grounds for appellate review, including citation to the statute permitting appellate review. N.C.R. App. P. 28(b)(2)-(4). An appellant's brief must also include a section containing "[a] full and complete statement of the facts"-that is, a "summary of all material facts underlying the matter in controversy which are necessary to understand all issues presented for review." N.C.R. App. P. 28(b)(5).
A "failure of the parties to comply with the[se] rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice." Dogwood , 362 N.C. at 193, 657 S.E.2d at 362. Rule 25 therefore allows this Court, on its own initiative, to sanction a party for noncompliance. N.C.R. App. P. 25(b). However, sanctions are only appropriate where the party's noncompliance "rise[s] to the level of a 'substantial failure' or 'gross violation.' " Dogwood , 362 N.C. at 199, 657 S.E.2d at 366. Factors relevant to that determination will include, among others, "whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process." Id. at 200, 657 S.E.2d at 366-67. "The court may also consider the number of rules violated, although in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review." Id. at 200, 657 S.E.2d at 367.
If it is determined that a party's violation of nonjurisdictional rules does indeed rise to the level of gross or substantial, then Rule 34(b) provides a list of appropriate sanctions that this Court may impose. N.C.R. App. P. 34(b) ; Dogwood , 362 N.C. at 201, 657 S.E.2d at 367. The list of appropriate sanctions includes dismissal of the appeal, monetary sanctions, and "any other sanction deemed just and proper." N.C.R. App. P. 34(b)(1)-(3).
*433 In determining which of the Rule 34(b) sanctions to impose, it is well settled that this Court ordinarily "should impose a sanction other than dismissal .... This systemic preference not only accords fundamental fairness to litigants but also serves to promote public confidence in the administration of justice in our appellate courts." Dogwood , 362 N.C. at 200, 657 S.E.2d at 366. Ultimately, "the sanction imposed should reflect the gravity of the violation," id. , and be well tailored to this Court's discretionary "authority to promote compliance with the appellate rules," id. at 199, 657 S.E.2d at 366, bearing in mind that dismissal is reserved only for the "most egregious instances of nonjurisdictional default." Id. at 200, 657 S.E.2d at 366.
If after consideration of other sanctions it is nonetheless determined that the party's noncompliance warrants dismissal, this Court "may then consider whether the circumstances of the case justify invoking Rule 2 to reach the merits of the appeal."
*462 Id. at 201, 657 S.E.2d at 367. "In this situation, [we] may only review the merits on 'rare occasions' and under 'exceptional circumstances,' 'to prevent manifest injustice to a party, or to expedite decision in the public interest.' " Id. (quoting State v. Hart , 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) and N.C.R. App. P. 2 ). The decision whether to invoke Rule 2 is within the discretion of this Court. Selwyn Vill. Homeowners Ass'n. v. Cline & Co. , 186 N.C. App. 645, 650, 651 S.E.2d 909, 912 (2007).
II. Nature of the Appellate Rules Violations in the Instant Case
Plaintiff's appeal in the instant case violates at least seven mandatory rules of the North Carolina Rules of Appellate Procedure: Rules 28(b)(2), 28(b)(3), 28(b)(4), 28(b)(5), 28(b)(6), 28(b)(9), and 28(j)(2). Particularly concerning is that Plaintiff's brief contains no Statement of the Facts, as required by Rule 28(b)(5). Plaintiff's brief instead begins immediately with his Argument, providing this Court with no context from which to understand his scattered references to the various errors alleged therein. Cf. Pers. Earth Movers, Inc. v. Thomas , 182 N.C. App. 329, 330, 641 S.E.2d 751, 752 (2007) ("[D]efendant's account of the facts is exactly one paragraph with eighteen lines. Additionally, the facts are at best vague[ ] [and] fail to set forth the material facts necessary to adequately understand the questions presented for appellate review ...."). Nor is there a Statement of the Case as required by Rule 28(b)(3). Even after having fully read Plaintiff's brief, this Court is left entirely unaware of the procedural posture from which the appeal resulted.
Furthermore, wholly absent from Plaintiff's brief is a Statement of the Grounds for Appellate Review, with accompanying citation of the *434 supporting statutory authority, as required by Rule 28(b)(4). Plaintiff's brief also violates Rule 28(b)(6), which requires that his "argument shall contain a concise statement of the applicable standard(s) of review for each issue, which shall appear either at the beginning of the discussion of each issue or under a separate heading placed before the beginning of the discussion of all the issues." N.C.R. App. P. 28(b)(6). Here, Plaintiff only includes the standard of review at the beginning of the second of his three argument sections. Even then, Plaintiff merely provides that "The standard of review is whether or not there is competent evidence to support findings of fact and whether the findings are supported by conclusions of law."[1] The first and third argument sections do not reference a governing standard of review until the final sentences wherein, again, Plaintiff simply proclaims in conclusion that "The standard of review is whether or not there was an abuse of discretion by the trial court." Moreover, in blatant violation of Rule 28(b)(6), none of Plaintiff's three arguments contain any citation of authority verifying that his proffered standard of review is, in fact, correct.
We also briefly address other more minor errors contained in Plaintiff's brief, although they do not hinder our ultimate review of the merits as do those errors mentioned above.
First, Plaintiff's brief does not contain a statement of the issues presented for review, in violation of Rule 28(b)(2). Next, the Certificate of Service attached to Plaintiff's brief simply provides that it was served "upon all parties to this cause," rather than specifically identifying "the names of the persons served," as required by Rules 26(d) and 28(b)(9).[2] N.C.R. App. P. 26(d) ; N.C.R. App. P. 28(b)(9). Though seemingly negligible, this violation is concerning in that no appellee brief was filed in the instant case. See Dogwood , 362 N.C. at 199-200, 657 S.E.2d at 366 (explaining that the Court's "exercise of remedial discretion under Rules 25 and 34 entails a fact-specific inquiry into the particular circumstances of each case"). Also minor, yet *463 indicative of his overall noncompliance with the Appellate Rules, is Plaintiff's Certificate of Compliance, which declares the precise number of words contained in his brief, instead of *435 the statement required by Rule 28(j)(2) that it "contains no more than [8,750] words." N.C.R. App. P. 28(j), (j)(2).
Finally, we note that the record leaves some doubt as to whether Plaintiff timely filed the Record on Appeal. The deadline for filing the record with this Court is triggered by the settlement of the record, which may occur in several ways. Where, as here, there is no transcript of the trial court's proceedings[3] and the parties do not settle the record by agreement, the appellant must, within thirty-five days after filing notice of appeal, "serve upon all other parties a proposed record on appeal constituted in accordance with the provisions of Rule 9." N.C.R. App. P. 11(b). An appellee who is served by mail shall then have thirty-three days to "serve upon all other parties a notice of approval of the proposed record on appeal, or objections, amendments, or a proposed alternative record on appeal in accordance with Rule 11(c)." N.C.R. App. P. 11(b) ; N.C.R. App. P. 27(b). If the appellee fails to do so, the appellant's proposed record "thereupon constitutes the record on appeal." N.C.R. App. P. 11(b). The appellant must file the record on appeal with this Court within fifteen days after settlement. N.C.R. App. P. 12(a).
In the instant case, there is no signed certificate of service attesting to the date of service of the proposed record upon Defendant. The record does contain a statement of the "Settlement of Record on Appeal," which provides:
The proposed Record on Appeal was served upon attorney for Defendant ... by depositing a copy of the proposed Record on Appeal in a postpaid wrapper in a post office depository under the exclusive care and custody of the United States Postal Service on the 23rd day of April, 2018.
Counsel for Defendant has not made objection to the proposed Record on Appeal and the proposed Record on Appeal is now deemed the Record on Appeal.
Accepting this statement as true , Defendant generally would have had until 26 May 2018 to serve objections or amendments to Plaintiff's proposed record. N.C.R. App. P. 11(b) ; N.C.R. App. P. 27(b). However, because 26 May 2018 fell on a Saturday, and the following Monday, *436 28 May 2018, was Memorial Day, Defendant's deadline was instead Tuesday, 29 May 2018. See N.C.R. App. P. 27(a) (providing that, in computing time periods prescribed by the Rules, the last day "is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day" that is neither a weekend nor a holiday). According to Plaintiff, Defendant failed to timely respond; therefore, on 29 May 2018, Plaintiff's proposed record became the final, settled record by operation of Rule 11(b). Plaintiff filed the Record on Appeal with our Court on 13 June 2018, the fifteenth and final day to do so pursuant to Rule 12(a).
However, Plaintiff's Record on Appeal was timely filed only if he is entitled to the three additional days generally accorded for service by mail. In accepting the truth of Plaintiff's unverified Settlement of Record on Appeal, we must overlook his failure to certify service of the proposed record upon Defendant, itself a violation of Rule 26. See N.C.R. App. P. 26(d) ("Papers presented for filing shall contain an acknowledgement of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service shall appear on or be affixed to the papers filed."). Unlike the final, settled record-which was also served by mail, evidenced by a signed certificate of service-there is no signature attesting that the proposed record was, in fact, served upon Defendant on 23 April 2018. While the absence of a certificate of service may seem minor as a general matter, here, this omission is germane to the timeliness of *464 Plaintiff's filing of the Record on Appeal. See N.C.R. App. P. 9(a)(1)(i) (providing that the appellate record in a civil action shall contain "a copy of the notice of appeal, of all orders establishing time limits relative to the perfecting of the appeal, ... and of any agreement, notice of approval, or order settling the record on appeal").
Given their nature and striking quantity, we conclude that these appellate rules violations are so "gross" and "substantial" as to warrant sanctions under Rules 25 and 34 of the North Carolina Rules of Appellate Procedure. See, e.g. , Tabor v. Kaufman , 196 N.C. App. 745, 746-47, 675 S.E.2d 701, 702-03, disc. review denied , 363 N.C. 381, 679 S.E.2d 836 (2009). We must therefore "determine which, if any, sanction under Rule 34(b) should be imposed." Dogwood , 362 N.C. at 201, 657 S.E.2d at 367. We conclude that Plaintiff's violations are so egregious as to warrant dismissal of his appeal.
Quite frankly, this Court was left dumbfounded as to the pertinent facts and issues of the instant case even after a complete and thorough *437 reading of Plaintiff's brief. Plaintiff has completely failed to provide meaningful procedural and factual background information, leaving this Court to make its own "voyage of discovery through the record" in order to glean for ourselves the relevant circumstances underlying his appeal. Pers. Earth Movers, Inc. , 182 N.C. App. at 331, 641 S.E.2d at 752. This we will not do. Nor will we accept the additional delegation of Plaintiff's responsibility to research his grounds for appellate review and, assuming that such grounds exist, the standards of review that apply. Of particular implicit concern in the appellate rules is a regard for the already exhaustive catalog of responsibilities that this Court must necessarily undertake. And where not flagrant by virtue of their substance, Plaintiff's remaining violations of the appellate rules supplant the overall egregiousness by virtue of their quantity. We have considered sanctions permitted under Rule 34(b) other than dismissal. However, in a case such as this, and in order to ensure better compliance with the appellate rules, we conclude that dismissal is appropriate and justified.
Finally, we must determine whether to invoke Rule 2 and review the merits of the instant appeal despite Plaintiff's gross violations of the appellate rules. Dogwood , 362 N.C. at 201, 657 S.E.2d at 367.
"Appellate Rule 2 has most consistently been invoked to prevent manifest injustice in criminal cases in which substantial rights of a defendant are affected." Selwyn Vill. Homeowners Ass'n. , 186 N.C. App. at 650, 651 S.E.2d at 912. This is not such a case. Cf., e.g. , State v. Castaneda , 196 N.C. App. 109, 115, 674 S.E.2d 707, 711 (2009) (invoking Rule 2 and reviewing the merits of the defendant's appeal despite substantial appellate rules violations because it would have been "manifestly unjust" to ignore the defendant's argument as he "face[d] life imprisonment and [made] a compelling argument that the trial court's error prejudiced him"). As best we can tell from parsing the record on appeal, the order from which Plaintiff appeals appears to have required Plaintiff to pay to his ex-wife the alleged damages and attorney's fees that resulted from his year-long refusal to abide by the terms of the parties' Consent Judgment. We conclude that nothing inherent in these circumstances indicates the exceptionality or manifest injustice necessary to justify suspending the appellate rules in order to reach the merits of Plaintiff's appeal. Therefore, in the exercise of our discretion, we decline to invoke Rule 2.
Accordingly, the instant appeal is dismissed.
APPEAL DISMISSED.
Judge BRYANT concurs.
Judge DILLON dissents by separate opinion.

We further note that this is not the correct standard of review. See Watson v. Watson , 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007) ("The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law ." (emphasis added) ), disc. review denied , 362 N.C. 373, 662 S.E.2d 551 (2008).

Plaintiff's Certificate of Service does include a "CC" at the bottom that identifies the attorney for Defendant.

Here, there is no transcript because the parties agreed that the matter be decided on affidavits. Although we do not hold this against Plaintiff, we nevertheless note that the lack of transcript made our review of this case all the more difficult, in light of Plaintiff's failure to include a factual and procedural background in his brief.