IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-615

No. COA20-667

Filed 16 November 2021

Wake County, No. 16 CVD 12036

ZAHEER B. MUGHAL, Plaintiff,

v.

LALLA R. MESBAHI, Defendant.

Appeal by Defendant from order entered 13 January 2020 by Judge J. Brian Ratledge in Wake County District Court. Heard in the Court of Appeals 21 September 2021.

*Bryant Duke Paris, III Professional Limited Liability Company, by Bryant Duke Paris III, for plaintiff-appellee.*

*Linck Harris Law Group, PLLC, by David H. Harris, Jr., for defendant-appellant.*

MURPHY, Judge.

¶ 1    When a party fails to comply with our Rules of Appellate Procedure and that noncompliance rises to the level of a substantial failure and/or gross violation, we may exercise our discretion to impose an appropriate sanction under Rule 34. Here, both parties violated Rule 42(e) by repeatedly including unredacted confidential information in the case materials submitted to the Court via our online filing system. These violations constitute both substantial failures and gross violations of a

nonjurisdictional rule. We exercise our discretion to impose appropriate sanctions and dismiss the appeal and tax double costs of the appeal to the attorneys for both parties. Defendant-Appellant's attorney shall be individually liable for one-half of the double costs. Plaintiff-Appellee's attorney shall be individually liable for one-half of the double costs. We have thoroughly considered the use of our Rule 2 discretion in this matter to reach the merits, but decline to do so.

## **BACKGROUND**

Defendant-Appellant Lalla R. Mesbahi and Plaintiff-Appellee Zaheer B. Mughal were married on 12 March 2009. Plaintiff and Defendant separated on 1 November 2016 and divorced on 11 January 2019. Plaintiff and Defendant are the parents of three minor children. The parties have equal joint physical custody of the minor children.

Plaintiff commenced this action by filing a complaint on 27 September 2016. In response, on 6 December 2016, Defendant filed an answer and counterclaim for temporary and permanent child support. The trial court held a hearing on Defendant's claim for permanent child support on 2 December 2019. On 13 January 2020, the trial court filed its *Permanent Child Support Order*, and ordered "[e]ffective [1 January 2020], and continuing each month thereafter, Plaintiff shall pay to Defendant $594.00 per month in prospective child support." This amount was calculated using the North Carolina Child Support Guidelines based on Plaintiff's

gross monthly income of $4,238.08 and Defendant's gross monthly income of $1,558.00. On 5 February 2020, Defendant timely filed a *Notice of Appeal*. On appeal, Defendant argues the trial court erred in calculating Plaintiff's gross monthly income.

On 8 May 2020, Plaintiff filed a notice that he would be representing himself in the appeal and on 3 June 2020, the trial court allowed Plaintiff's trial counsel to withdraw. Through counsel, Defendant timely served her proposed record on appeal to Plaintiff by United States postal service on 21 July 2020. In the interim, Plaintiff retained counsel and, through counsel, timely served Defendant with amendments to the proposed record on appeal by United States postal service on 24 August 2020. The amendments were received in Defendant's counsel's office on 28 August 2020. Defendant did not request judicial settlement of the proposed record on appeal. *See* N.C. R. App. P. 11(c) (2021) ("Within thirty days . . . after service upon appellee of appellant's proposed record on appeal, that appellee may serve upon all other parties specific amendments or objections to the proposed record on appeal, or a proposed alternative record on appeal. Amendments or objections to the proposed record on appeal shall be set out in a separate paper and shall specify any item(s) for which an objection is based on the contention that the item was not filed, served, submitted for consideration, admitted, or made the subject of an offer of proof, or that the content of a statement or narration is factually inaccurate. An appellant who objects to an appellee's response to the proposed record on appeal shall make the same

specification in its request for judicial settlement."). The proposed record on appeal would have been deemed settled by operation of law on 8 September 2020. *See id.* ("If any appellee timely serves amendments, objections, or a proposed alternative record on appeal, and no judicial settlement of the record is timely sought, the record is deemed settled as of the expiration of the ten-day period within which any party could have requested judicial settlement of the record on appeal under this Rule 11(c).").

¶ 5          On 3 September 2020, Defendant prematurely filed the *Record on Appeal* with this Court, omitting Plaintiff's amendments that were required to be included in the settled record on appeal pursuant to Rule 11(c) of the North Carolina Rules of Appellate Procedure, as well as omitting Plaintiff's Rule 9(d) documentary exhibits. *See id.* ("If any appellee timely serves amendments, objections, or a proposed alternative record on appeal, the record on appeal shall consist of each item that is either among those items required by Rule 9(a) to be in the record on appeal or that is requested by any party to the appeal and agreed upon for inclusion by all other parties to the appeal."). On 2 October 2020, Plaintiff filed a motion for leave to amend the *Record on Appeal*. We granted the motion, and on 16 October 2020, Defendant filed the *Amended Record on Appeal* and the *Rule 9(d) Documentary Exhibits* requested by Plaintiff. Defendant filed her opening brief on 4 December 2020. However, on 24 February 2021, Defendant filed a motion for leave to amend the *Rule*

*9(d) Documentary Exhibits* because "[t]he submission inadvertently included documents not agreed to by the parties."[1]  We granted the motion, and on 1 March 2021, Defendant filed the *Amended Rule 9(d) Documentary Exhibits*.

¶ 6        On 17 September 2021, we *sua sponte* entered the *Amended Order* ("September 2021 Order") striking the Amended Rule 9(d)(2) Supplement and Defendant's opening brief "for inclusion of unredacted identification numbers" in violation of Rule 42 of the North Carolina Rules of Appellate Procedure.  *See* N.C. R. App. P. 42(e) ("Driver license numbers, financial account numbers, social security numbers, and tax identification numbers must be excluded or redacted from all documents that are filed with the appellate courts . . . .").  Both Defendant's appendix to her opening brief and the Rule 9(d) documentary exhibits requested by Plaintiff contained unredacted confidential information, such as the parties' unredacted social security numbers, bank account numbers, credit card numbers, and employer identification numbers, as well as the three minor children's unredacted social security numbers.  In our September 2021 Order, we determined these violations of Rule 42

> constitute both substantial failures and gross violations of a nonjurisdictional rule.  These failures and violations include, but are not limited to, the exposure to public inspection of identification numbers related not only to the parties, but also to their minor children from 4 December 2020 through this Court's sua sponte removal from the

---

[1] Plaintiff's counsel notified Defendant's counsel of this error.

online filing system on 14 September 2021. Defendant was further ordered to "show cause as to what sanction may be appropriate[.]"

## ANALYSIS

Defendant argues "[t]he Rule 9(d) Documentary Exhibits are all [Plaintiff's] documents, submitted at the request of [Plaintiff's] counsel and were provided to [Defendant's counsel] by [Plaintiff's] counsel." As such, Defendant asserts her counsel "only glanced at [Plaintiff's] documents. Having been assured the documents [were] properly redacted, and having seen a couple of redactions, [Defendant's counsel] did not conduct a thorough search of the Rule 9(d) Documentary Exhibits." Defendant suggests "both attorneys are responsible for the nonredacted information" and concedes "[m]onetary damages may be appropriate." For the reasons discussed below, we have determined that the proper sanctions are to dismiss the appeal and tax double costs to the parties' attorneys, with one-half of the costs to Defendant's attorney, individually, and one-half of the costs to Plaintiff's attorney, individually.

"[R]ules of procedure are necessary in order to enable the courts properly to discharge their duty of resolving disputes. It necessarily follows that failure of the parties to comply with the rules . . . may impede the administration of justice." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc.,* 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008) (marks and citations omitted). "Compliance with the

rules, therefore, is mandatory." *Id*. at 194, 657 S.E.2d at 362. "As a natural corollary, parties who default under the rules ordinarily forfeit their right to review on the merits." *Id*. at 194, 657 S.E.2d at 363.

¶ 9      However, "noncompliance with the appellate rules does not, ipso facto, mandate dismissal of an appeal." *Id*. Where, as here, a nonjurisdictional default has occurred, "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." *Id*. at 198, 657 S.E.2d at 365 (citations omitted). However, in some instances of nonjurisdictional defaults when the noncompliance rises to the level of a substantial failure or gross violation, dismissal will be an appropriate sanction. *Id*. at 199, 657 S.E.2d at 366. When presented with a nonjurisdictional default, we must perform a three-part analysis:

> [T]he court should first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If it so concludes, it should then determine which, if any, sanction under rule 34(b) should be imposed. Finally, if the court concludes that dismissal is the appropriate sanction, it may then consider whether the circumstances of the case justify invoking Rule 2 to reach the merits of the appeal.

*Id*. at 201, 657 S.E.2d at 367. "'[W]hether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules . . . is always a discretionary determination to be made on a case-by-case basis.'" *State v. Ricks*, 2021-NCSC-116, ¶ 5 (quoting *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 603

(2017)).

¶ 10        In the September 2021 Order, we determined that Defendant's violations of the appellate rules, specifically Rule 42, "constitute both substantial failures and gross violations of a nonjurisdictional rule." As such, the first step of imposing a sanction for a nonjurisdictional default is met. Rule 34(a)(3) provides, in pertinent part, that "the appellate [court] may . . . impose a sanction . . . when the court determines that . . . a petition, motion, brief, record, or other paper filed in the appeal . . . grossly violated appellate court rules." N.C. R. App. P. 34(a)(3) (2021). Rule 34(b)'s enumerated possible sanctions include dismissal, various types of monetary damages, and "any other sanction deemed just and proper." N.C. R. App. P. 34(b) (2021). "[T]he sanction imposed should reflect the gravity of the violation[,]" and entail this Court's discretionary "authority to promote compliance with the appellate rules[.]" *Dogwood*, 362 N.C. at 199, 200, 657 S.E.2d at 366.

¶ 11        Having considered sanctions permitted under Rule 34(b) other than dismissal, we conclude that, in a case such as this, dismissal is appropriate and justified. While the inclusion of Plaintiff's unredacted social security numbers, bank account numbers, credit card numbers, and employer identification numbers still rises to a level of substantial failure and gross violation of Rule 42, Plaintiff was in a place to protect himself from the disclosure of this information. He chose not to do so. The same cannot be said for the non-party minor children. Defendant included the three

minor children's unredacted social security numbers alongside their full names and dates of birth in multiple places throughout Defendant's opening brief and Plaintiff did the same in the Rule 9(d) exhibits he requested. This is more than a mere oversight, as it created an opportunity for outside third parties to use our public records and filing system as a haven for potential identify theft. *See generally* N.C.G.S. § 132-1.10(a)(1) (2019) ("The General Assembly finds the following: The social security number can be used as a tool to perpetrate fraud against a person and to acquire sensitive personal, financial, medical, and familial information, the release of which could cause great financial or personal harm to an individual. While the social security number was intended to be used solely for the administration of the federal Social Security System, over time this unique numeric identifier has been used extensively for identity verification purposes and other legitimate consensual purposes."). The minor children were not in a position to protect themselves from this harm, and it was the parties' duty to shield this confidential information from public disclosure. Rule 42, by its very name, is for the purpose of protecting identities, and the parties' failure to comply with this rule created significant risks to the children. Due to the severity of this violation and to "promote compliance with the appellate rules," we conclude dismissal is the appropriate sanction. *Dogwood*, 362 N.C. at 199, 657 S.E.2d at 366. Additionally, as both parties' attorneys are at fault for the violations, we tax double costs to the parties' attorneys, with one-half of the

costs to Defendant's attorney, individually, and one-half of the costs to Plaintiff's attorney, individually. N.C. R. App. P. 35(a) (2021) ("[I]f an appeal is dismissed, costs shall be taxed against the appellant unless otherwise . . . ordered by the court.").

Finally, we consider whether to invoke Rule 2 and review the merits of the appeal despite the gross and substantial violations of the appellate rules warranting our decision that dismissal is the appropriate sanction. *See Dogwood,* 362 N.C. at 201, 657 S.E.2d at 367 ("If the court determines that the degree of a party's noncompliance with nonjurisdictional requirements warrants dismissal of the appeal under Rule 34(b), it may consider invoking Rule 2."). "[A]n appellate court may only invoke Rule 2 when injustice appears manifest to the court or when the case presents significant issues of importance in the public interest." *Ricks*, 2021-NCSC-116 at ¶ 1. The order from which Defendant appeals requires Plaintiff to pay Defendant child support in an amount calculated using the North Carolina Child Support Guidelines. On appeal, Defendant argues the numbers used on the North Carolina Child Support Guidelines were incorrect. "[N]othing inherent in these circumstances indicates the exceptionality or manifest injustice necessary to justify suspending the appellate rules in order to reach the merits of [Defendant's] appeal." *Ramsey v. Ramsey*, 264 N.C. App. 431, 437, 826 S.E.2d 459, 464 (2019). Further, there is no merit to Defendant's argument. In the exercise of our discretion, we decline to invoke Rule 2.

## CONCLUSION

¶ 13        Due to the severity of the substantial failures and gross violations of a nonjurisdictional rule, we dismiss this appeal.  We decline to invoke Rule 2 to reach the merits of the appeal.  The attorneys for both parties are responsible, in part, for the substantial failures and gross violations, and as a result, we also tax double costs of the appeal.  Defendant's attorney shall be individually liable for one-half of the costs assessed and Plaintiff's attorney shall be individually liable for one-half of the costs assessed.

DISMISSED.

Judges INMAN and HAMPSON concur.